Matthew BURDA, Plaintiff–Appellant,

v.

M. ECKER COMPANY,
Defendant–Appellee.

No. 92–2225.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 7, 1993.

Decided Aug. 25, 1993.

Robert J. Slobig (argued), McDermott, Will & Emery, Chicago, IL, for defendant-appellee.

Kenneth N. Flaxman (argued), Ruth Stelzman, Cantena & Stelzman, Chicago, IL, for appellants.

Before CUDAHY, COFFEY, and ROVNER, Circuit Judges.

COFFEY, Circuit Judge.

This is the second appeal from the district court's decision awarding fees and costs incurred by defendant M. Ecker Company in defending against a frivolous claim advanced by the plaintiff and his two attorneys, Ruth Stelzman and Kenneth N. Flaxman. In our first decision, we affirmed the district court's order dismissing plaintiff's action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. We remanded the case to allow the district court to reconsider the imposition of sanctions, which had initially been imposed exclusively on the "nominal" plaintiff, Burda. *Burda v. M. Ecker Co.,* 954 F.2d 434 (7th Cir.1992). On remand, the district court imposed sanctions against Stelzman and Flaxman under Fed.R.Civ.P. 11 and Illinois Supreme Court Rule 137. This appeal followed. We affirm in part and modify in part.[1]

## I. FACTUAL BACKGROUND

The underlying facts are recited fully in *Burda,* 954 F.2d at 436–437. Plaintiff Matthew Burda, an employee of M. Ecker Company, filed a claim for benefits under the Illinois Worker's Compensation Act, Ill.Rev. Stat. ch. 48, ¶ 138.1 *et seq.* Ruth Stelzman represented Burda before the Illinois Industrial Commission. The parties settled the claim and executed a Lump Sum Settlement Contract and Order ("Settlement Order") in the amount of $8525.78 that was approved by the Illinois Industrial Commission. From the total amount, $1705.16 was deducted for Stelzman's attorney's fee and $230.00 was deducted for a doctor's report and X-rays. Burda was to receive the remaining $6590.62.

Before disbursing the settlement checks, Liberty Mutual Insurance Company ("Liberty Mutual"), M. Ecker's insurance carrier, requested that Stelzman provide her taxpayer identification number. Stelzman inexplicably refused to cooperate. Nevertheless, Liberty Mutual then provided Stelzman with two checks. The first check was payable to Burda and his attorneys and was in the amount of $6590.62, which represented Bur-

---

da's recovery. The second check was for $1548.12 and was payable only to Stelzman. This amount represented the $230.00 medical reimbursement and Stelzman's $1705.16 fee, less a 20% deduction for federal withholding tax.

Liberty Mutual issued payment in this manner in accordance with an Internal Revenue Service 1988 Private Letter Ruling. The letter ruling directed that payments of attorneys' fees, when "fixed and determinable" and exceeding $600.00 in a single year, are reportable payments under § 6041 of the Internal Revenue Code. 26 U.S.C. § 6041. Stelzman's $1705.16 fee was a reportable payment under § 6041. Section 3406 of the Code further provided that reportable income under § 6041 was subject to a backup withholding of 20% if the payee fails to furnish a valid taxpayer identification number. 26 U.S.C. § 3406. Stelzman's refusal to provide a taxpayer identification number required Liberty Mutual to deduct 20% of her fee as withholding tax.

Stelzman returned both checks to Liberty Mutual and requested a single check for full payment issued to Burda alone. Liberty Mutual wrote back to Stelzman and explained that it was obliged to comply with federal tax law. Stelzman still refused to provide her taxpayer identification number. Liberty Mutual thereafter issued three checks to replace the two that had been returned. A second check payable to Burda was issued in the amount of $6590.62. This check was accepted. Burda also accepted a check in the amount of $230.00 for the doctor's report and X-rays. Liberty Mutual also tendered another check to Stelzman for her $1364.13 attorney's fee, and offered to provide her with a check for the $341.03 withheld as backup withholding taxes upon receipt of Stelzman's taxpayer identification number. Stelzman refused to accept the fee payment or provide her identification number.

Stelzman then filed suit under Burda's name in the Circuit Court of Cook County, Illinois, with the filing of an Application for Judgment under Section 19(g) of the Illinois Worker's Compensation Act. The complaint asserted that M. Ecker had failed to tender full payment under the Settlement Order. M. Ecker answered the state court complaint and removed the case to federal district court pursuant to 28 U.S.C. §§ 1441(b) and 1446(a), alleging that Burda's purported state claim was actually an artfully pleaded challenge to federal withholding tax statutes and regulations. M. Ecker moved to dismiss the action on the ground that it failed to state a claim upon which relief could be granted under the Internal Revenue Code. Burda, ostensibly represented in federal court by Flaxman and Stelzman, opposed dismissal and moved to remand the action to state court. The district court denied Burda's remand motion, and granted M. Ecker's motion to dismiss.

M. Ecker then moved for sanctions against Burda and Stelzman pursuant to Fed. R.Civ.P. 11 or, in the alternative, Illinois Supreme Court Rule 137, which is the state-law version of federal Rule 11. The district court awarded M. Ecker $9478.75 in attorney's fees and $505.75 in costs under Rule 11. Burda and Stelzman appealed the orders dismissing the complaint and imposing sanctions.

We affirmed the district court's judgment of dismissal, holding that because Burda's artfully-pleaded claim was essentially a challenge to federal tax withholding regulations, Burda's exclusive remedy was an action against the United States. *Burda v. M. Ecker Co.*, 954 F.2d 434 (7th Cir.1992) ("*Burda I*"). This court remanded for reconsideration of the judgment imposing sanctions because the district court's order resulted in imposition of sanctions only against Burda, who was merely a nominal party to the action. *Id.* at 440. While recognizing that the district court could not impose Rule 11 sanctions on Stelzman because only Flaxman had signed pleadings filed in federal court, we noted that there was "little doubt that the target of the sanctions was Stelzman—whose personal interest in the litigation appeared to precipitate the actions for which sanctions were imposed." *Id.* We concluded that because the district court relied only on Rule 11 to impose sanctions, we would forego discussion of the propriety of sanctioning Stelzman under 28 U.S.C. § 1927. *Id.* at 441 (citing

*Walter v. Fiorenzo,* 840 F.2d 427 (7th Cir. 1988)).

After we remanded this case to the district court for reconsideration of the propriety of sanctions, M. Ecker renewed its motion for sanctions against Burda and Stelzman under Rule 11, 28 U.S.C. § 1927, and Illinois Supreme Court Rule 137. M. Ecker sought to recover the $9984.50 in fees and costs that it incurred in removing the state action and in obtaining a dismissal. While M. Ecker did not seek sanctions against Flaxman, the district court acted on its own initiative, as Rule 11 expressly allows, and imposed sanctions against Flaxman as the attorney who signed the federal court pleadings. The district court acknowledged that one of the bases upon which M. Ecker sought sanctions was 28 U.S.C. § 1927. Nonetheless, the district court did not specifically invoke § 1927, but instead relied exclusively on the alternative grounds of Rule 11 and Illinois Supreme Court Rule 137 as the bases for its decision.

Because Stelzman had signed all of the state court pleadings but none of the pleadings filed in federal court, the district court was not authorized under Rule 11 to impose sanctions against Stelzman for pleadings she had filed prior to removal of the case to federal court. *See Schoenberger v. Oselka,* 909 F.2d 1086, 1087 (7th Cir.1990); *Dahnke Kelly & Haus v. Teamsters Local 695,* 906 F.2d 1192, 1201 (7th Cir.1990). The district court held, however, that although it could not sanction Stelzman under Rule 11 as a signing attorney, Rule 11 nevertheless gave the court discretion to sanction her as a "represented party."

Stelzman and Flaxman assert on appeal that sanctions were inappropriate against Stelzman under Rule 11 because she had not signed any pleadings in federal court. Flaxman challenges the imposition of sanctions against him on two grounds. First, Flaxman alleges that the district court's *sua sponte* imposition of sanctions against him violated the timeliness requirement set forth in *Kaplan v. Zenner,* 956 F.2d 149 (7th Cir.1992). Second, Flaxman asserts that the district court could not impose sanctions against him for his pleading's unresponsiveness to M. Ecker's jurisdictional arguments when the

district court did not adopt those precise arguments as the basis for its decision. Both attorneys also challenge the propriety of the district court's alternative resort to Illinois Supreme Court Rule 137 as a basis for sanctioning attorneys in a removed case. Furthermore, Stelzman and Flaxman raise a cursory challenge to several of defense counsel's time and cost entries included as part of the fees and costs awarded.

## II. ANALYSIS

We hold that under the circumstances of this case, that the district court's imposition of sanctions under Rule 11 against Stelzman and Flaxman was warranted. Although the district court did not directly address the availability of sanctions under 28 U.S.C. § 1927, we may affirm the district court's ruling on any basis finding support in the record. *Klein v. Rush–Presbyterian–St. Luke's Medical Ctr.,* 990 F.2d 279, 282–83 (7th Cir.1993); *Reed v. Amax Coal Co.,* 971 F.2d 1295, 1298 (7th Cir.1992). The district court's findings that the lawsuit was insupportable and pursued merely to vex M. Ecker and "bully" a settlement also support an award of sanctions under 28 U.S.C. § 1927. Given the ample direct federal authority for the imposition of sanctions, we need not address the district court's resort to Illinois Supreme Court Rule 137 as a ground for sanctions. *See Schweiker v. Hogan,* 457 U.S. 569, 585 n. 24, 102 S.Ct. 2597, 2607 n. 24, 73 L.Ed.2d 227 (1982) (appellate court may affirm district court judgment on any ground supported by the record); *Burda,* 954 F.2d at 438–39 (same).

## A. Rule 11

The district court may impose sanctions when warranted under Rule 11, including attorneys' fees, upon attorneys and/or the parties they represent. Rule 11 is violated when "parties or their attorneys" sign a pleading, motion, or other paper that, after reasonable inquiry, is not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Fed. R.Civ.P. 11. Parties and/or their attorneys violate Rule 11 when they bring legal action

for any improper purpose, such as to harass or needlessly increase the cost of litigation. *National Wrecking Co. v. International Bhd. of Teamsters, Local 731,* 990 F.2d 957, 963 (7th Cir.1993).

Stelzman and Flaxman do not challenge the district court's findings that their federal court pleadings were filed for an improper purpose, were not well grounded in fact, and were not warranted by existing law or a good faith argument for a change in existing law. Instead, counsel have challenged the applicability of Rule 11 to Stelzman, who did not sign federal pleadings; the applicability of Illinois Supreme Court Rule 137 to a federal action; and the propriety of imposing sanctions on Flaxman for his failure to respond to settled law. Flaxman further alleges that the district court's *sua sponte* imposition of sanctions against him was untimely. Stelzman and Flaxman also assert that the district court abused its discretion when it determined the amount of fees and costs.

■ We review a district court's decision to impose sanctions under a deferential abuse of discretion standard. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 2460, 110 L.Ed.2d 359 (1990); *National Wrecking Co.,* 990 F.2d at 963; *Rose v. Franchetti,* 979 F.2d 81, 86 (7th Cir.1992); *Kizer v. Children's Learning Center,* 962 F.2d 608, 613 (7th Cir.1992). Rule 11 does not require that the district court make a finding that the transgressor acted in bad faith. *National Wrecking Co.,* 990 F.2d at 963. Rather, the district court need only "undertake an objective inquiry into whether the party or his counsel 'should have known that his position is groundless.'" *Chicago Newspaper Publishers' Ass'n v. Chicago Web Printing Pressmen's Union No. 7,* 821 F.2d 390, 397 (7th Cir.1987) (citations omitted).

### 1. Imposition of Sanctions against Flaxman

■ Flaxman contends that our decision in *Kaplan v. Zenner,* 956 F.2d 149 (7th Cir. 1992), that requests for sanctions must be filed "as soon as practicable after discovery of a Rule 11 violation," *id.* at 151, compels a finding that the district court's *sua sponte* imposition of sanctions against him was un-

timely. Flaxman notes that M. Ecker specified only Burda and Stelzman as Rule 11 offenders in its initial motion for sanctions and in its second petition for sanctions filed after this court's remand. In essence, Flaxman requests that we extend the holding in *Zenner* to require district courts acting *sua sponte* in imposing sanctions to comply with the timeliness requirement we set forth for Rule 11 movants in *Zenner.*

■ In an attempt to discourage litigants from unnecessarily delaying in bringing Rule 11 sanctions, we set forth in *Zenner* the "outer parameters of the timeliness for sanctions claims." *Id.* In all cases, parties must request Rule 11 sanctions "as soon as practicable after discovery of a Rule 11 violation," but a bill of costs must be filed within thirty days after final judgment and requests for attorneys fees must be filed within ninety days of judgment. *Id.* The advisory committee notes to Rule 11 provide that "[a] party seeking sanctions should give notice to the court and the offending party promptly upon discovering a basis for doing so." Fed. R.Civ.P. 11 advisory committee notes. The movant in this case did not remain idle after the offending pleading was filed. M. Ecker's initial request for sanctions was without question timely. The only purported untimeliness was the district court's decision to impose sanctions on Flaxman after we remanded this case and M. Ecker filed its renewed motion for sanctions.

■ The timeliness requirement that we established in *Zenner* controls the timing of a *party's* request for sanctions, and not the timing for the district court's determination of whether the sanction should fall on the signing attorney, the represented party, or both. A thorough reading of the advisory committee notes will reveal that the notice requirement applies to only the filing party. The district court's determination that Flaxman, the attorney who signed the sanctionable pleading, should bear a portion of M. Ecker's financial burden was not governed by the time restrictions for filing the motion described in *Zenner.* Flaxman knew that the district court initially ruled that the pleading that he had signed violated Rule 11.

When we remanded this case after the first appeal, we instructed the district court to reconsider its determination that the plaintiff had to bear the entire burden of the sanction. It should have come as no surprise to Flaxman that the court found it appropriate that a part of the sanction should fall on him as the signing attorney. Although M. Ecker did not request in its motion that the district court also sanction Flaxman, courts may act *sua sponte* in imposing sanctions. *See Chambers v. NASCO, Inc.*, —— U.S. ——, —— n. 8, 111 S.Ct. 2123, 2131 n. 8, 115 L.Ed.2d 27 (1991). We hold that Flaxman's allegation of untimeliness is without merit.

■ In addition to his allegation that the imposition of sanctions was untimely, Flaxman asserts that the district court could not impose sanctions for his unresponsiveness to jurisdictional arguments that the district court did not adopt as the basis for its decision. M. Ecker moved for dismissal and opposed remand on the ground that the "artful pleading doctrine" precluded Burda from framing his action under state law while omitting federal questions that were essential to recovery. *See Burda*, 954 F.2d at 438 (citing *Franchise Tax Bd. v. Construction Laborers Vacations Trust*, 463 U.S. 1, 22, 103 S.Ct. 2841, 2852, 77 L.Ed.2d 420 (1983)). M. Ecker argued that Burda's action was artfully pleaded because it essentially was a challenge on Stelzman's part to federal income tax laws and regulations.

The district court chose to rely on the related "complete preemption doctrine," *see Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), in finding dismissal appropriate. In affirming the district court's Rule 12(b)(6) dismissal in *Burda I*, we deemed the artful pleading doctrine to be the most appropriate basis for dismissal. The crux of M. Ecker's motion and the district court's holding, however, was that the case law and the Internal Revenue Code uniformly held that when an entity such as Liberty Mutual is acting as a private tax collector pursuant to federal tax laws, it is immune from suit. Stelzman's sole remedy was to initiate a tax refund claim against the government. *See* 26 U.S.C. § 3403; *see also Edgar v. Inland Steel Co.*, 744 F.2d 1276 (7th Cir.1984) (employees have no cause of action against employers to recover wages withheld and paid over to the government in satisfaction of federal income tax liability). There was no colorable legal argument that would support a recovery against M. Ecker for withholding 20% of Stelzman's fee to satisfy her federal tax liability.

Instead of voluntarily dismissing the untenable complaint, Stelzman and Flaxman opposed dismissal and moved for a remand to state court on the ground that the Illinois Worker's Compensation Act provided Burda with a cause of action. Flaxman ignored the dispositive federal statutes and case law that were fully set forth and discussed in M. Ecker's original motion to dismiss. As we noted in *Thornton v. Wahl*, 787 F.2d 1151 (7th Cir.), *cert. denied*, 479 U.S. 851, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986):

> Rule 11 requires counsel to study the law before representing its contents to a federal court.... The Rule requires counsel to read and consider before litigating. Counsel who puts the burden of study and illumination on the defendants or the court must expect to pay attorneys' fees under the Rule.... The point ... is that every lawyer must do the necessary work to find the law *before* filing the brief. It is not acceptable to make an assertion of law and hope that it will turn out to be true.

*Id.* at 1154. In *Mars Steel Corp. v. Continental Bank*, 880 F.2d 928 (7th Cir.1989) (en banc), we re-emphasized that sincere advocacy is no substitute for counsel's obligation to make an adequate prefiling inquiry:

> The objective component is that a paper filed in the best of faith, by a lawyer convinced of the justice of his client's cause, is sanctionable if counsel neglected to make "reasonable inquiry" beforehand.... "An empty head but a pure heart is no defense. The Rule requires counsel to read and consider before litigating." *Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir.1986). Counsel may not drop papers into the hopper and insist that the court or opposing counsel undertake bothersome factual and legal investigation.

*Id.* 880 F.2d at 932; *see also TMF Tool, Inc. v. Muller*, 913 F.2d 1185, 1190–91 (7th Cir. 1990).

The district court explicitly and appropriately found that the legal arguments in Flaxman's memorandum were objectively unreasonable and frivolous. The district court noted that,

> Plaintiff's memorandum, signed by Flaxman, insisted that we lacked subject matter jurisdiction over Illinois workers' compensation cases and in a cursory manner argued that because there was no mention of federal law in the state court complaint, removal was improper. Nowhere in plaintiff's memorandum is it contended that plaintiff was making a good faith effort to extend, modify, or reverse the law.
>
> Plaintiff's argument was objectively unreasonable and frivolous. Plaintiff's position was entirely unresponsive to the critical issue presented: whether the case fell within an exception to the well-pleaded complaint rule.

R. 55, at 8.

We are of the opinion that the district court's decision to impose sanctions on Flaxman was well within the court's discretion. Nonetheless, we are of the opinion that the imposition of a $2500.00 sanction on Flaxman was excessive. Although the district court has discretion to select an appropriate sanction, *Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1496 (7th Cir. 1989), the court must impose a sanction that fits the inappropriate conduct. *Brown v. Federation of State Medical Bds.*, 830 F.2d 1429, 1434 (7th Cir.1987). As we noted in Burda's first appeal, it was Stelzman's personal interest that "motivate[d] the actions for which sanctions were imposed." *Burda*, 954 F.2d at 440. We therefore reduce the size of the sanction imposed against Flaxman from $2500.00 to $1000.00.[2]

2. Imposition of Sanctions against Stelzman

The district court recognized that this circuit's interpretation of Rule 11 precluded the imposition of sanctions against Stelzman as Burda's attorney because Stelzman had not signed any pleadings in federal court. Rule 11, however, specifically provides courts with the discretion to sanction a "represented party" as well as the attorney who signed the sanctionable pleading. After we remanded this case, the trial court found that Stelzman should be sanctioned as a "represented party."

In *Burda I*, we determined that Burda was merely a "nominal plaintiff" and that the only person with an interest in the outcome of the lawsuit was Stelzman. *Id.* at 440. Burda had received the $6590.52 that the order specified as the "Amount of money Employee will receive"; a check had been issued for the examining physician in the amount of $230.00; and Stelzman had received a check for the full amount of attorney's fees less a 20% deduction for federal withholding tax. The method of payment that Stelzman preferred, the entire sum payable to Burda in care of Stelzman's law office, would have abridged Liberty Mutual's clear statutory obligation to either withhold 20% of Stelzman's fee or pay over the entire amount and report the payment to the Internal Revenue Service. Stelzman's inexplicable and obstinate refusal to provide a valid tax identification number precluded the latter option. As we found in *Burda I*, the "challenge to Liberty Mutual's withholding of attorney's fees is in fact a challenge to federal tax laws and regulations." *Id.* at 438.

On remand, *the district court found that because the lawsuit furthered only Stelzman's interest, it could properly impose sanctions on Stelzman as a represented party under Rule 11.* We agree. The litigation challenged Liberty Mutual's right to withhold 20% of Stelzman's attorney's fee pursuant to the Internal Revenue Code. *The only person with an interest in the outcome of the litigation was Stelzman.* That only Stelzman's interests were at stake is further evidenced by the Settlement Order, which identified funds separately allocable to Burda and Stelzman. The Settlement Order pro-

---

**2.** We normally remand for additional findings when we determine that the district court has not sufficiently justified the size of an attorneys' fee award. Nevertheless, we may reduce the award on appeal and obviate the need for a remand where the reduced award is fully supported by the record and the amount that it would cost both court and counsel to address this matter on remand would far exceed the amount awarded. *See Kotsilieris v. Chalmers*, 966 F.2d 1181, 1188 n. 2 (7th Cir.1992).

vided that Burda would receive only $6590.52 of the $8525.78 settlement—the difference was earmarked as fees for Stelzman and the examining physician. The size of the fee that Stelzman was to receive for her efforts, $1705.16, was fixed by the Settlement Order. The issue raised by the complaint originally filed in state court concerned only Stelzman's tax obligation on her fee, thus any benefit obtained would inure only to Stelzman. Flaxman first entered the picture as Burda's attorney after the dispute arose with Liberty Mutual.

*It is most apparent that Stelzman is the real party in interest in this litigation and that Flaxman was representing her interests in the federal proceedings.* Stelzman was not acting as Burda's representative in initiating the suit in Burda's name; rather, as we found in *Burda I, Stelzman was mounting a challenge to federal withholding statutes and regulations in pursuit of her own interests.* Burda had no stake in the outcome of Stelzman's futile litigation. In the event Stelzman prevailed in her challenge to federal tax laws concerning the 20% deducted from her fee, no benefit would inure to Burda. We have previously recognized in the context of litigation of a fee award that the attorney is the real party in interest. *See Smith v. Maywood,* 970 F.2d 397, 399 (7th Cir.1992); *Samuels v. American Motors Sales Corp.,* 969 F.2d 573, 575–76 (7th Cir. 1992); *Lowrance v. Hacker,* 966 F.2d 1153, 1154 n. 1 (7th Cir.1992). We hold under the circumstances of this case that the district court did not err in concluding that it could sanction Stelzman as a "represented party" under Rule 11.

**B. 28 U.S.C. § 1927**

■ In *Burda I,* we stated that we would forego a discussion of the propriety of imposing sanctions against Stelzman under 28 U.S.C. § 1927 given the district court's exclusive reliance on Rule 11. *Burda,* 954 F.2d at 441 (citing *Walter v. Fiorenzo,* 840 F.2d 427 (7th Cir.1988)). M. Ecker specifically invoked § 1927 as a basis for sanctions in its renewed petition for fees and costs after remand. While the district court acknowledged M. Ecker's invocation of § 1927, the court did not specifically discuss the applicability of sanctions pursuant to the statute.

Nonetheless, the district court made factual findings supporting sanctions under § 1927, and M. Ecker has raised § 1927 as an alternative basis for upholding the sanction award on appeal. We agree that the district court's award of fees and costs is independently justified under § 1927.

■ Under § 1927 an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees incurred because of such conduct." 28 U.S.C. § 1927. A court may impose sanctions under § 1927 where an attorney has "acted in an objectively unreasonable manner by engaging in a 'serious and studied disregard for the orderly process of justice' . . . or *where a 'claim [is] without a plausible legal or factual basis and lacking in justification.'*" *Fiorenzo,* 840 F.2d at 433 (citations omitted). In assessing whether an attorney's actions were objectively unreasonable "a court may infer intent from a total lack of factual or legal basis for a suit." *Overnite Transp. Co. v. Chicago Indus. Tire Co.,* 697 F.2d 789, 794–95 (7th Cir.1983); *see also Fiorenzo,* 840 F.2d at 433.

In determining that sanctions were justified, the district court found that,

> [S]anctions are also appropriate because plaintiff's legal arguments were made for an improper purpose. Plaintiff's position was not supported by any colorable legal argument. Thus, it is reasonable to presume that such arguments were pursued to "vex" defendants. . . . We agree with Ecker that plaintiff filed suit to "bully" a settlement. Plaintiff's suit sought an additional $341.03 from Ecker, in addition to attorney's fees and costs. The cost to Ecker in litigating this dispute could well be expected to exceed this sum.

> \*    \*    \*    \*    \*    \*

> We believe that plaintiff inappropriately intended to use the judicial system in just such a predatory fashion.

R. 55, at 10.

The district court's factual findings, which the appellants have not challenged on appeal, fully support the imposition of sanctions under § 1927. Stelzman and Flaxman doggedly pursued their artfully pleaded state-law

cause of action when confronted with undisputable statutory authority and case law establishing that the exclusive remedy for wrongful withholding of taxes was an action against the United States pursuant to 26 U.S.C. § 7422. Section 1927 imposes a continuing duty on counsel to dismiss claims that are no longer viable. *Fiorenzo*, 840 F.2d at 433–36; *Dahnke*, 906 F.2d at 1201 n. 6. Rather than voluntarily dismissing the action against M. Ecker, Stelzman and Flaxman opposed M. Ecker's motion to dismiss. Furthermore, the brief filed by Flaxman and Stelzman that opposed dismissal and urged a remand ignored all of the cogent legal authority establishing that the suit was frivolous. In these circumstances, an award of sanctions was equally warranted under § 1927.

### C. Amount of Costs and Fees

Finally, Stelzman and Flaxman dispute various items included in the district court's fee award. The appellants characterize a total of nine time sheet entries under the headings "Duplicative time," "Unnecessary activities," and "Overhead." Other than appellant's cursory allegation that the time entries were "excessive," there is no indication that the time entries reflect duplicative or unnecessary activities or firm overhead. Certainly, nothing in Flaxman and Stelzman's terse description of defense counsel's activities suggests that the district court abused its discretion in finding that an award for the disputed billing entries was warranted. "We owe deference to the district court's computation of fees." *Smith v. Blue Cross & Blue Shield*, 959 F.2d 655, 661 (7th Cir.1992) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 2460, 110 L.Ed.2d 359 (1990)). Contrary to appellants' unsupported allegations, the $505.75 in costs incurred by M. Ecker were fully documented and represented amounts spent for filing fees, photocopying, postage, telephone and delivery charges, and computerized legal research, all of which are properly recoverable by a prevailing party. *See* 28 U.S.C. § 1920; Fed.R.Civ.P. 54(d); *Burda*, 954 F.2d at 440.

Stelzman and Flaxman have failed to set forth any basis for finding that the district court abused its discretion in arriving at the amount of fees and costs that was part of the sanction.

### III. CONCLUSION

The judgment of the district court is AFFIRMED as MODIFIED. The award of sanctions in favor of M. Ecker is reduced by $1500.00, making the total award $8484.50 in sanctions. Of this amount, attorney Flaxman must pay $1000.00 and Stelzman must pay the remaining $7484.50.

AFFIRMED IN PART AND MODIFIED IN PART.