64 F.3d 665
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lawrence POWERS, Petitioner-Appellant,
v.
Jack DUCKWORTH, Respondent-Appellee.
 No. 90-2492.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 29, 1995.*
Decided Aug. 17, 1995.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Lawrence Powers sought a writ of habeas corpus, 28 U.S.C. Sec. 2254. The district court dismissed his petition as a refiling of a previously adjudicated identical petition and imposed sanctions pursuant to Federal Rule of Civil Procedure 11. Powers appealed. We affirm in part and remand in part.
 
 I. Background
 
 2
 Two of Powers' petitions are relevant to this case. Both petitions deal with his sentence as a "habitual offender" imposed in the Indiana courts, which was affirmed on direct appeal by the Indiana Supreme Court. See Powers v. State, 499 N.E.2d 192 (Ind.1986).
 
 
 3
 Powers' first petition was filed in the district court in 1988, and docketed as Powers v. Cohn (No. IP 88-211-C) ("Petition # 1). In petition # 1, Powers claimed he was denied due process of law when he was barred from presenting evidence at his sentencing regarding the invalidity of two prior convictions used as the basis for the "habitual offender" sentence. Judge Dillin denied the petition on July 1, 1988. Powers' appeal (no. 88-2472) failed when both the district court and this court denied his applications for a certificate of probable cause.
 
 
 4
 Powers filed the instant petition on May 4, 1990, in which he claimed his "habitual offender" sentence violated due process because it was based on two prior convictions that were invalid. ("Petition # 2"). Further, Powers represented in petition # 2 that the only collateral attack he had filed against this conviction had been in Indiana state court. The district court dismissed petition # 2, sua sponte, in an order dated May 11, 1990. The court concluded petition # 2 was an improper successive filing of petition # 1, in violation of 28 U.S.C. Sec. 2244(b) and Rule 9(b) of the Rules Governing Section 2254 cases. In the same order, the court ordered Powers to show cause why he should not be sanctioned under Rule 11. The court ultimately fined Powers $500 as a Rule 11 sanction in an order dated June 22, 1990.
 
 
 5
 In the current appeal, Powers challenges both the underlying dismissal of his petition and the imposition of sanctions. Regarding the sanctions, Powers argues that they were inappropriate because: 1) no costs were incurred by the respondent given the sua sponte action by the district court; 2) respondent never requested sanctions; 3) Powers was proceeding pro se; 4) Powers acted in good faith because he believed the claims were different; 5) petition # 2 was not identical to petition # 1; 6) the sanction was excessive; and 7) the district court presented no factual basis justifying the amount of the sanction.
 
 II. Discussion
 A. Dismissal of the Petition
 
 6
 This court notes as an initial matter that the dismissal of petition # 2 is not properly before the court. Powers separately appealed the order dismissing petition # 2, and that appeal was terminated on February 7, 1991 as a consequence of Powers' failure to obtain a certificate of probable cause (no. 90-2431). Absent a certificate of probable cause, this court has no jurisdiction to review the order denying the petition. See McCarthy v. Harper, 449 U.S. 1309, 1309-10 (1981) (Rehnquist, J.); Wilson v. O'Leary, 895 F.2d 378, 381 (7th Cir.1990); 28 U.S.C. Sec. 2253. See also F.R.A.P. Rule 22(b). We further note that successive petitions need not be entertained by a district court. See Whitlock v. Godinez, 51 F.3d 59, 62 (7th Cir.1995).
 
 B. Sanctions
 
 7
 The version of Federal Rule of Civil Procedure 11 in effect at the time of the action provided, in relevant portion:[1]
 
 
 8
 Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper and state the party's address.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
 
 
 9
 The imposition of sanctions under Rule 11 is reviewable on appeal only for abuse of discretion. Johnson v. A.W. Chesterton Co., 18 F.3d 1362, 1364 (7th Cir.1994). The central purpose of Rule 11 is to deter baseless filings in the district court. Id. at 1365. Rule 11 creates duties to both one's opponent and the legal system; the duty to the legal system is to avoid burdening the court with matters that waste judicial time. Mars Steel Corp. v. Continental Bank, N.A., 880 F.2d 928, 932 (7th Cir.1989) (en banc). The form and amount of the sanction selected by the district court are also reviewable only for an abuse of discretion. Johnson, 18 F.3d at 1366. A fine paid into the court can be an appropriate sanction. Brooks v. Allison Division of General Motors Corp., 874 F.2d 489, 491 (7th Cir.1989); Frantz v. U.S. Powerlifting Federation, 836 F.2d 1063, 1066 (7th Cir.1987); Cheek v. Doe, 828 F.2d 395, 397 (7th Cir.1987), cert. denied, 108 S.Ct. 349 (1987).
 
 
 10
 The very language of Rule 11 mandates that the district court may impose sanctions sua sponte. See generally Burda v. M. Ecker Co., 2 F.3d 769 (7th Cir.1993). In addition, the district court need not find that the party acted in bad faith to impose sanctions; instead the court must objectively analyze whether the party should have realized his position was groundless. Id. at 774. Further, pro se litigants are not immune from sanctions, although pro se status can be considered as a possible mitigating factor, as can the special circumstances that can arise in pro se litigation. Vukadinovich v. McCarthy, 901 F.2d 1439, 1445 (7th Cir.1990), cert. denied, 498 U.S. 1050, (1991); Cheek, 828 F.2d at 397; Pryzina v. Ley, 813 F.2d 821, 823-24 (7th Cir.1987) (what is obvious to an attorney may not be to a pro se litigant); Reis v. Morrison, 807 F.2d 112, 113 (7th Cir.1986).
 
 
 11
 This court concludes the district court did not abuse its discretion in imposing sanctions. The distinction between those issues that may be raised on a direct criminal appeal and those that can be appropriately raised only in a collateral attack may be difficult for a pro se litigant to understand, particularly if the law is evolving in the area. However, given that petition # 2 was filed less than six months after Powers' appeal of petition # 1, and given that petition # 2 failed to disclose petition # 1, the district court's conclusion that Powers was improperly seeking a second bite at the apple seems accurate.[2]
 
 
 12
 Nor did the district court err in setting the amount of the sanction. This court has stated that the sanction selected should fit the conduct sanctioned. Burda, 2 F.3d at 776. Further, although this court has stated that a district court should give specific reasons to justify a substantial sanction, see Brown v. Federation of State Medical Boards, 830 F.2d 1429, 1438 (7th Cir.1987), detailed explanations are not necessary when the court imposes a modest sanction for purposes of deterrence. Id. at 1439. The $500 sanction was appropriate in this case, given Powers' deceit in failing to disclose his prior petition, and the need to deter such abuses in the future. While in certain circumstances a $500 sanction could be viewed as "substantial," in this case it properly corresponded to Powers' wrongdoing and was far from draconian, given the open-ended payment period originally set by the court.
 
 
 13
 The current provision for payment of the sanction, however, gives us some pause. Initially, the district court's order provided that, if payment was not made promptly, the Clerk was to investigate Power's ability to pay and to report back to the court. (Record at # 15-A). These follow-up investigations were to take place three times a year, for as long as the fine went unpaid. Id. Thus, the court properly retained authority over the payment of the sanction. Subsequent to the order, however, the prison took it upon itself to freeze Powers' inmate account until the fine was paid. When Powers sought relief, the court ordered that the prison could freeze Powers' account only to the extent it exceeded $25, to prevent Powers from being rendered completely destitute.[3] (Record at # 25). Although this order is ambiguous, the net result appears to be that the court has delegated its authority to set the fines payment schedule to the prison. Such delegations of the district court's authority are not permitted. See generally United States v Murphy, 28 F.3d 38 (7th Cir.1994); see also United States v Sung, 51 F.3d 92 (7th Cir.1995). We therefore remand to the district court to clarify its order regarding the administration of the payment schedule.
 
 
 14
 AFFIRMED IN PART AND REMANDED IN PART.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Rule 11 was recently amended, effective December 1, 1993
 
 
 [2]
 The district court's conclusion that Powers is not adverse to filing duplicative actions is supported by subsequent events. Powers filed a third petition, raising many of the same issues, which suffered the same fate as his earlier petitions (no. 91-2191). (See also Appellee's Brief at 6)
 
 
 [3]
 While Powers is a state prisoner, we note parenthetically that prisoners typically retain the use of certain minimum funds in the federal prison system. See Inmate Financial Responsibility Program, 28 C.F.R. Sec. 545.10, et seq