111 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Eugene R. SALAMON, Plaintiff-Appellant/Cross-Appellee,
v.
Leonard J. MESSINA, Joseph A. Pallone, Amerigroup Corp., et
al., Defendants-Appellees,
and
Robert K. Blain, Appellee/Cross-Appellant.
 Nos. 91-2248, 91-2400.
 United States Court of Appeals, Seventh Circuit.
 Argued March 5, 1997.
Decided March 25, 1997.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In February 1987 Eugene Salamon filed suit against the defendants alleging that they had failed to pay sales commissions which were due him.[1] After Salamon filed his initial complaint in March 1987 he also filed a Motion for Expedited Discovery claiming that the defendants were misappropriating funds. Defendant Messina's response to the motion (prepared by the prior law firm) included an affidavit ("February Affidavit") by Messina in which he denied that funds were being misappropriated and in which he stated that "commissions are being paid on a timely basis, and are $10,000 of being completely current." In May 1987 the defendants filed a motion for summary judgment which included an affidavit by Messina ("May Affidavit") which stated that "Salamon currently owes us several hundred thousand dollars to be set off against any commissions that he has earned." Meanwhile, the defendants' initial law firm dissolved and Blain and another attorney substituted in as counsel for the defendants. In July 1989 Salamon filed a motion for sanctions under Rule 11 and Rule 56(g) alleging that the statements mentioned above which were included in the February and May Affidavits were false.
 
 
 2
 In September 1989 Blain filed a response to Salamon's request for sanctions and a Response to Salamon's Motion for Summary Judgment. The latter response included a 12(f) statement which referred to the February Affidavit. In October 1989 Blain filed a Motion for Summary Judgment on behalf of the defendants to which he attached the May Affidavit.[2] After considering the motion for sanctions, the magistrate judge filed a report and two clarifying orders recommending that sanctions be issued against Blain for the aforementioned statements in the February and May affidavits. In March 1991 the district court adopted the magistrate judge's Report and Recommendation and requested a revised list of expenses from Salamon before setting the sanctions amount. After receiving the updated list of expenses from Salamon in which he requested over $420,000, the district court issued an order imposing sanctions against Blain for $2,000. Salamon appeals contending that the district court erred in not awarding Rule 11 sanctions of over $400,000 (essentially all of Salamon's legal fees, including substantial charges for his own time, and expenses plus prejudgment interest). Blain cross-appeals contending that the district court erred in imposing sanctions against him.[3]
 
 
 3
 Blain contends on appeal that the district court erred in imposing Rule 11 sanctions on him because the motion for sanctions was not directed against him, he was not involved in the case when the false documents originally were filed, and he made a reasonable investigation of the statements contained in the documents which were filed. This court reviews the district court's order imposing Rule 11 sanctions for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).
 
 
 4
 We agree with Blain that the inconsistencies in the affidavits upon which the district court based its decision[4] would not necessarily warrant sanctions in every similar situation and that the imposition of $2000 in sanctions against Blain appears severe. However, the district court was much more familiar with the day-to-day proceedings of this case and the conduct and demeanor of the parties at the time the motion for sanctions was presented and thus was in a better position to determine whether sanctions were necessary and the appropriate amount. LaSalle Nat. Bank of Chicago v. County of DuPage, 10 F.3d 1333, 1337 (7th Cir.1993) (quoting Cooter & Gell, 496 U.S. at 402) (" 'Familiar with the issues and litigants, the district court is far better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11.' "). While the amount of sanctions may be high in light of the alleged violations, we do not believe that the imposition of sanctions or the amount constituted an abuse of discretion considering the district court's familiarity with the posture of the case at the time and the level of deference required in this situation.
 
 
 5
 Rule 11 specifically states that the court may impose Rule 11 sanctions upon its own initiative. Burda v. M. Ecker Co., 2 F.3d 769, 775 (7th Cir.1993). Consequently, whether Salamon included Blain in his motion is not conclusive as to whether the court could impose sanctions against him. Blain also asserts that because he did not originally file the documents, he should not be held responsible for the false statements. Rule 11 states that the signer of a document acknowledges that the information contained in it is well-grounded in fact to the best of his knowledge after reasonable inquiry and does not state that it applies only to documents when originally filed. Although a court may consider whether a case was accepted from another attorney before imposing Rule 11 sanctions, Kraemer v. Grant County, 892 F.2d 686, 689 (7th Cir.1990) (citation omitted), the district court concluded that Blain was on notice that the veracity of certain statements in the affidavits was in question because the Affidavits were resubmitted by Blain after the motion for sanctions was filed by Salamon.[5]
 
 
 6
 Blain asserts that he performed a reasonable investigation and thus should not be sanctioned for any inaccurate information. Although Rule 11 does not require exhaustive inquiry, attorneys must make an objectively reasonable inquiry into the facts of a case. Insurance Benefit Admin. Inc. v. Martin, 871 F.2d 1354, 1359 (7th Cir.1989). The level of investigation required depends on the facts of each case. Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 932 (7th Cir.1989). The district court rejected Blain's argument that he relied on the investigation by the previous attorneys and the sworn affidavits of his client and stated that the summary sheets created by the client do not show how much Salamon allegedly owed defendants and have no relevance as to whether the defendants were within $10,000 of being current on commission payments. The court noted further that Blain need not have relied solely on summaries provided by the client because two-and-a-half years had passed since Messina originally executed the affidavits. The district court concluded that this was ample time for Blain to have conducted his own investigation into the basis for the numbers provided by the client Messina and to have concluded that they were not well-grounded in fact. We do not find the district court's reasoning to be an abuse of discretion. See Triad Assoc. Inc. v. Chicago Housing Auth., 892 F.2d 583, 596 (7th Cir.1989), abrogated on other grounds, Board of County Comm'rs v. Umbehr, 116 S.Ct. 2342 (1996).
 
 
 7
 Salamon also appeals contending that the district court erred in not imposing sanctions for the full amount of the approximately $428,000 that he requested.[6] The amount of a Rule 11 sanction is reviewable only for an abuse of discretion. Johnson v. A.W. Chesterton Co., 18 F.3d 1362, 1366 (7th Cir.1994). "[T]he purpose of the rule is to deter baseless filings; Rule 11 is not a fee-shifting statute." Id. (citation omitted). Although attorney's fees and expenses are often used as the measure for sanctions, Rule 11 provides for sanctions generally and does not require that the sanctions be the amount of attorney's fees expended by the party seeking the sanctions. Id. (citation omitted). Ultimately the test for the amount of sanctions is reasonableness. Id.
 
 
 8
 Here, the district court ordered that Salamon submit a list of "expenses incurred as a result of Mr. Messina's and Mr. Blain's actions. " (Emphasis supplied.) The district court properly rejected as excessive Salamon's subsequent submission seeking all of his fees and expenses (including the value of his "pro se work product" for the time he was not represented by counsel) incurred during the entire litigation which totaled approximately $420,000. The court noted, however, that Salamon had to devote time and effort to refuting the unsupported allegations and that he had to draft, file, and serve several motions associated with the Rule 11 sanctions.[7] The district court concluded that a flat fee fine was appropriate because Salamon represented himself and submitted no attorney's fees directly related to refuting or seeking sanctions for the false statements. "[T]he basic principle underlying Rule 11 is that 'in choosing a sanction ... the least severe sanction [that is] adequate to serve the purpose should be imposed.' " Johnson, 18 F.3d at 1366 (quoting Brown, 830 F.2d at 1437) (internal citation and quotation omitted). The district court did not abuse its discretion in declining to impose sanctions of $420,000 on Blain.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 At the time of the filing of the complaint, the defendants were represented by a law firm which later dissolved. In November 1988 Robert K. Blain and another lawyer were substituted as counsel for the defendants after the first law firm dissolved
 
 
 [2]
 On the same day, Salamon filed a reply in support of the motions for sanctions which did not refer specifically to the 12(f) statement or the Motion for Summary Judgment just filed by the defendants (both of which were filed while Blain was the defendants' counsel)
 
 
 [3]
 This appeal was held in abeyance on February 20, 1992, after Messina's attorney notified the court that Messina had filed a petition for bankruptcy in November 1990. Messina has not filed a brief as an appellee and the $2,500 fine imposed against Messina is not at issue in this appeal
 
 
 [4]
 In her Report and Recommendation to the district court, the magistrate judge concluded that the two statements by Messina contained in the February and May Affidavits were false. First, the magistrate judge found that Messina's statement in the May Affidavit that Salamon owed the defendants "several hundred thousand dollars to be set off against any commissions that he has earned" was inconsistent with the defendants' response to Salamon's Rule 12(e) statement that they owed Salamon over $30,000 in commissions as of mid-January 1987, thus making the former statement untrue. Second, the magistrate found that Messina's statement in the February Affidavit that Amerigroup (a defendant) was within $10,000 of being current on paying commissions was inconsistent with other statements included in the defendants' Rule 12(m) statement and was "obviously untrue." The district court reviewed the recommendations and agreed that the statements were inconsistent with other statements made by the defendants
 
 
 [5]
 In her order clarifying her recommendation that sanctions be imposed for the false statements in the February and May Affidavits, the magistrate judge stated that "a briefed motion for sanctions should have doubly warned [Blain] not to rely on false affidavits." See Magistrate Judge Bucklo's Order of December 7, 1990, at 2. In fact, Blain states in his brief that he filed a response to the motion for sanctions
 
 
 [6]
 On December 1, 1993, amendments to Rule 11 took effect which changed the imposition of sanctions once a violation had been found from being mandatory to discretionary. Cunningham v. Waters Tan & Co., 65 F.3d 1351, 1360-61 (7th Cir1995). However, because the conduct which was sanctioned and the imposition of sanctions took place prior to the amendment, this court reviews the district court's imposition of sanctions under the old version of Rule 11. Id. at 1361 (citations omitted)
 
 
 [7]
 Consideration of the costs associated with pursuing a Rule 11 motion for sanctions is appropriate in fashioning a sanction. Brandt v. Schal Assoc., Inc., 960 F.2d 640 (7th Cir.1992)