OPINION OF THE COURT
Alan L. Lebowitz, J.
Defendants’ application: (1) to vacate the judgment entered herein on July 8, 1999; (2) to direct that the amount of the settlement agreed to ($10,000) be paid into court; and (3) to compel plaintiffs’ counsel to provide his taxpayer identification *741 number to Allstate Insurance Company (Allstate) and upon such number being provided, that the sum of $10,000 be distributed to the plaintiffs and plaintiffs’ counsel in full satisfaction of the settlement agreed to herein is granted only to the extent indicated.
Plaintiffs commenced this action against the defendants for injuries allegedly sustained in a motor vehicle accident on December 5, 1994, and it was subsequently agreed to be settled for $10,000, the full amount of the defendants’ policy with Allstate. Thereafter, plaintiffs’ counsel provided defendants’ carrier with a general release and stipulation of discontinuance, but Allstate refused to process the settlement check because plaintiffs’ counsel did not supply Allstate with his taxpayer identification number.
Allstate contends that plaintiffs’ counsel must provide his taxpayer identification number pursuant to Internal Revenue Code (26 USC) § 6045. Subdivision (a) of 26 USC § 6045 states: “Every person doing business as a broker [defined in subdivision (c)] shall * * * make a return * * * showing the name and address of each customer * * * and such other information as the Secretary may by forms or regulations require with respect to such business.” Allstate further contends that form 1099-MISC requires a recipient’s taxpayer identification number, and that 26 USC § 6045 (f) requires such a return in the case of payments to attorneys.
Subdivision (f) of 26 USC § 6045 was added to the Internal Revenue Code in 1997 (Pub L 105-34 § 1021 [a]) and is entitled “Return required in the case of payments to attorneys.” Subdivision (f) (1) states: “Any person engaged in a trade or business and making a payment (in the course of such trade or business) to which this subsection applies shall file a return under subsection (a) * * * with respect to such payment.” Subdivision (f) (2) (A) states: “This subsection shall apply to any payment to an attorney in connection with legal services (whether or not such services are performed for the payor).” It is Allstate’s position that “it is clear that this section applies to the payment of settlement accounts” and, therefore, “Allstate has wisely instituted a policy throughout its institution which mandates compliance with these federal tax requirements” (July 21, 1999 affirmation of Steven Martin fflf 6, 17).
In support of its position, Allstate cites to Burda v Ecker Co. (2 F3d 769 [7th Cir 1993]) where the plaintiffs attorney also refused to provide the defendant’s insurance company with her taxpayer identification number prior to the distribution of a *742 settlement check. The plaintiff in Burda was injured while working for the M. Ecker Company and filed a claim for benefits under the Illinois Worker’s Compensation Act. The parties agreed to settle the claim, but before issuing the settlement payment, the insurance carrier requested that Burda’s attorney furnish her taxpayer identification number. She refused to provide her taxpayer identification number and refused to accept payment of a check which was reduced by 20% for withholding taxes.
Burda’s attorney commenced a State action alleging that M. Ecker Company failed to tender full payment of the settlement of Burda’s worker’s compensation claim. The State action was removed to Federal District Court because it was a challenge to the Federal withholding tax statutes and regulations, and the Federal District Court dismissed the complaint and imposed certain sanctions. The District Court’s dismissal of the action was affirmed but the matter was remanded for reconsideration of the propriety of the sanctions imposed (Burda v Ecker Co., 954 F2d 434 [7th Cir 1992]). On remand, sanctions were imposed upon both Burda’s attorney and the attorney representing her in the Federal action, and those sanctions were affirmed on appeal (2 F3d 769 [7th Cir 1993], supra).
In the earlier appeal (Burda v Ecker Co., 954 F2d 434, 437 [7th Cir 1992], supra) the Seventh Circuit noted that the employer’s insurance carrier, Liberty Mutual Insurance Company, attempted payment of the settlement “in accordance with a private letter ruling it received prior to th[at] case from the Internal Revenue Service.” The court said: “The letter ruling explains that payments of attorney’s fees, when ‘fixed and determinable’ and exceeding $600.00 in a single year, are reportable payments under § 6041 of the Internal Revenue Code. 26 U.S.C. § 6041. 26 U.S.C. § 3406 further provides that reportable income under § 6041(a) is subject to a backup withholding unless the payee furnishes a valid taxpayer identification number. See, 26 C.F.R. § 1.604.1-1.” (Supra.) Here, Allstate does not present any evidence of a private letter ruling from the Internal Revenue Service on its claim that 26 USC § 6045 (f) applies to the payment of settlement accounts, and, since Burda only addressed 26 USC § 6041, it has no precedential value on Allstate’s claim with respect to 26 USC § 6045 (f). Thus, the application to vacate the judgment entered herein on July 8, 1999 cannot be granted on the ground of “misrepresentation, or other misconduct of an adverse party” (CPLR 5015 [a] [3]). However, there is an allegation, which is not contro *743 verted by plaintiffs’ attorney, that there was no trial in this matter. Therefore the amount of costs taxed in the judgment entered on July 8, 1999 must be reduced by $300 (see, CPLR 8201 [3]).
Accordingly, it is ordered that defendants’ application is granted only to the extent of reducing the amount of costs taxed in the judgment entered on July 8, 1999 by $300 and in all other respects the application is denied, and it is further ordered that the Clerk is directed to reduce the judgment entered on July 8, 1999 accordingly.