**PERFECTION BAKERIES, INC.,**
**Plaintiff–Appellee,**

v.

**CHAUFFEURS, TEAMSTERS AND HELPERS, LOCAL UNION NO. 414, Defendant–Appellant.**

No. 03–3392.

United States Court of Appeals, Seventh Circuit.

Argued July 6, 2004.

Decided July 14, 2004.

Larry L. Barnard, Miller, Carson, Boxberger & Murphy, Fort Wayne, IN, for Plaintiff–Appellee.

Fred O. Towe, Geoffrey S. Lohman, Fillenwarth, Dennerline, Groth & Towe, Indianapolis, IN, for Defendant–Appellant.

Before POSNER, EASTERBROOK, and KANNE, Circuit Judges.

## ORDER

Following Local Union No. 414's filing of a grievance against Perfection Bakeries, an arbitrator concluded that Perfection had locked out union members in violation of a collective bargaining agreement (CBA). Perfection then sued in federal court to vacate the arbitrator's decision. The district court granted summary judgment for the union, concluding that the arbitrator properly derived his decision from the CBA. The court, however, denied the union's motion for attorneys' fees, which the union sought for having to defend against what it characterized as a frivolous suit by Perfection. The union has appealed the denial of attorneys' fees. Although the district court ultimately rejected Perfection's challenge to the arbitrator's decision, we affirm the denial of fees because Perfection's arguments were not so meritless as to warrant sanctions in the form of attorneys' fees.

## I.

The labor dispute at issue in this case began when route-sales drivers established a picket line outside Perfection Bakeries' distribution and bakery facilities in Fort Wayne, Indiana in December 2001. All of Perfection's mechanics and transport drivers, with one exception, honored this picket line until it was removed seven days later. Following the removal of the picket line, Perfection would not allow the mechanics and transport drivers to return to work unless (1) they signed a letter agreeing to cross any reinstated picket line; and (2) their union (Local Union No. 414) provided written assurance that it would not threaten or fine any of its members who crossed the picket line. The union and its members refused Perfection's demand and, as a result, Perfection did not allow the mechanics and transport drivers to return to work for another week.

For many years Local Union No. 414 and Perfection Bakeries have been parties to a CBA that covers the terms and conditions of employment of the mechanics and transport drivers at Perfection's bakery and provides for a grievance process that culminates in final and binding arbitration. In accordance with the CBA, the union filed a grievance alleging that Perfection violated the CBA by not allowing union members to return to work after they exercised their contractual right to honor a picket line. Perfection denied the grievance. The two sides then selected an arbitrator, who conducted a hearing and sustained the union's grievance. In a written decision, the arbitrator detailed the facts of the dispute and listed four provisions of the CBA that he deemed to be relevant to the outcome of the dispute. The arbitrator concluded that he had "carefully real [sic] and evaluated the contentions of the parties and has reached the opinion that based on the facts presented in the situation before [me], the company was in violation of the language of the parties [sic] CBA, specifically article 3, which states, in part, '. . . that there shall be no . . . lockout . . . during the term of this agreement.'" The arbitrator did not address or discuss in his conclusion the other CBA provisions that he had listed earlier in the decision.

Perfection then sued in federal court to have the arbitrator's decision vacated, arguing that the arbitrator modified the CBA by failing to consider crucial contract language and that the decision did not "draw its essence" from the CBA. The union counterclaimed to enforce the decision. The district court ultimately granted summary judgment for the union, concluding that the arbitrator's decision "has its basis in contract (i.e., CBA, Article 3) and this is sufficient for the Union to prevail on its counterclaim to enforce the award." Furthermore, the district court com-

mented that "[w]hile the arbitrator did not discuss the reasons for finding other sections of the CBA inapplicable, he was under no obligation to do so as long as his award relied on the contract and drew its essence therefrom." The district court identified what it deemed to be controlling precedent from this circuit, *Chicago Typographical Union No. 16 v. Chicago Sun-Times, Inc.*, 935 F.2d 1501 (7th Cir.1991), and distinguished authority from other circuits that Perfection had cited in support of its position.

In conjunction with its counterclaim for enforcement, the union also moved for attorneys' fees, under both Fed.R.Civ.P. 11 and the court's general authority to award fees for vexatious challenges to labor-arbitration decisions, *see, e.g., Johnson Controls, Inc. v. United Ass'n of Journeymen Local 353*, 39 F.3d 821, 826 (7th Cir.1994); *Alberici–Ely v. Local 520, Int'l Union of Operating Eng'rs*, 992 F.2d 727, 734 (7th Cir.1993). The district court denied this motion concluding that "upon review of the arguments the court does not think [Perfection's position] can be fairly regarded as frivolous or vexatious." The district court, however, did not analyze the union's motion under the separate standard for imposing sanctions under Rule 11. The union then filed a timely notice of appeal from this denial of fees.

## II.

We review a district court's denial of sanctions in the form of attorneys' fees for abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). Sanctions under Rule 11 may be imposed when litigants file papers without adequate investigation of the underlying facts and law or with improper motives. *Brunt v. SEIU*, 284 F.3d 715, 721 (7th Cir.2002).

Rule 11 does not require that the district court make a finding that the transgressor acted in bad faith, however. *Burda v. M. Ecker Co.,* 2 F.3d 769, 774 (7th Cir.1993). Such a showing, on the other hand, is required to award attorneys' fees under the court's general authority to sanction frivolous or vexatious challenges to labor-arbitration decisions. *See Johnson Controls,* 39 F.3d at 826; *Chrysler Motors Corp. v. Int'l Union, Allied Indus. Workers,* 959 F.2d 685, 689–90 (7th Cir.1992) (defining bad faith as litigating to harass rather than to win).

For purposes of analyzing whether Perfection's challenge was so groundless or vexatious as to warrant sanctions, we review briefly the proper scope of a court's review of an arbitrator's decision in a labor dispute. Judicial review of labor-arbitration decisions is very limited. *Major League Baseball Players Ass'n v. Garvey,* 532 U.S. 504, 509, 121 S.Ct. 1724, 149 L.Ed.2d 740 (2001) (per curiam). Courts may not review an arbitrator's decision on the merits despite allegations that the decision rests on factual errors, legal blunders, or misinterpretation of the CBA. *Id.* Even if the arbitrator committed "serious errors" in coming to his decision, a court may not overturn the decision so long as the arbitrator even arguably construed the CBA to reach the decision (thus, the decision "draws its essence" from the CBA). *Id.* Arbitration decisions are unenforceable only when an arbitrator strays from interpretation and application of the CBA and "dispenses his own brand of industrial justice." *Id.*

■ Moving to the contentions on appeal, the union's first argument is that the district court abused its discretion in declining to award fees under its general authority because Perfection's challenge was frivolous and vexatious. The union posits that Perfection's challenge was friv- olous because of (a) the very limited scope of judicial review of labor-arbitration decisions, (b) controlling precedent from this circuit contrary to Perfection's position, and (c) the inapplicability of authority from other circuits that Perfection cited as support for its position. Although the existence of controlling precedent contrary to a litigant's position may be a sign that the litigant's challenge to a labor-arbitration decision is frivolous or brought in bad faith, sanctions are not warranted when the litigant argues for a modification of that precedent, rather than ignoring it. *See Chicago Typographical,* 935 F.2d at 1506–07. For purposes of deciding whether to sanction a litigant, there is a critical difference between the litigant's arguing over the proper interpretation of the correct legal standard and, on the other hand, his advancing the wrong legal standard altogether. *See id.* Because the latter approach is a frivolous challenge, sanctions are warranted for only that type of approach. *See id.*

In its challenge in the district court, Perfection took the former approach. Perfection acknowledged the correct legal standard that an arbitrator's decision is enforceable so long as it is based on an interpretation of the CBA, but cited authority from other circuits for its position that an arbitrator's failure to address critical provisions in the CBA renders the decision unenforceable. Perfection cited *Boise Cascade Corp. v. Paper Allied Indus. Workers, Local 7–0159,* 309 F.3d 1075, 1084 (8th Cir.2002), *George A. Hormel & Co. v. United Food & Commercial Workers, Local 9,* 879 F.2d 347, 351 (8th Cir. 1989), and *Clinchfield Coal Co. v. District 28, United Mine Workers,* 720 F.2d 1365, 1369 (4th Cir.1983), all of which hold that an arbitrator's decision in a labor dispute is unenforceable if the arbitrator fails to discuss probative terms in the CBA and

offers no reason for how he construed the CBA to reach his decision without consideration of the probative terms. These holdings are applicable to the arbitrator's decision in this case because, although the arbitrator listed four pertinent provisions from the CBA early in his decision, he did not discuss three of those provisions in coming to his ultimate conclusion. And Perfection argued that at least two of those provisions, Articles 8 and 17, were highly probative because they granted Perfection the right to suspend employment based on conditions outside its control (i.e. the route-sales drivers' strike). Perfection's reliance on relevant authority from other circuits supports the district court's finding that Perfection's challenge was not frivolous. *See, e.g., Chrysler Motors,* 959 F.2d at 690 (upholding district court's denial of fees under general authority where litigant's challenge based on question over which circuits were split).

Additionally, Perfection made a reasonable attempt to distinguish the potentially dispositive precedent from this circuit that the union and the district court identified, namely *Chicago Typographical.* In that case, we held that an arbitrator's decision was not unenforceable merely because he failed to explain why he deemed it unnecessary to consider the applicability of certain provisions in the CBA. 935 F.2d at 1505–06. We explained that although "the opinion is not a reasoned statement of the grounds for its result .... it is still an interpretation of the contract." *Id.* In that case, the arbitrator had commented, "[n]or is there need to determine the application of Section 7(b) to the circumstances of this case." *Id.* at 1503. Perfection argued that *Chicago Typographical* was distinguishable from the case at hand because the arbitrator in its case did not make an *explicit* finding that the other three provisions were inapplicable. This was a reasonable attempt to distinguish

*Chicago Typographical* because at least one other circuit has held that an arbitrator's *silence* on the applicability of other CBA provisions renders the decision unenforceable. *See Clinchfield Coal,* 720 F.2d at 1369. Like Perfection's reliance on authority from other circuits, its reasonable attempt to distinguish potentially dispositive precedent from this circuit took its challenge out of the realm of those for which sanctions are warranted. *Cf. Hill v. Norfolk & W. Ry. Co.,* 814 F.2d 1192, 1198–1200 (7th Cir.1987) (imposing sanctions for appeal in which appellant did not attempt to distinguish controlling precedent on proper scope of judicial review of labor-arbitration decisions). Given the tenable nature of the arguments that Perfection advanced, the district court did not abuse its discretion in declining to award fees to the union under its general authority.

■ The union's second argument on appeal is that the district court erred by not reciting and applying the standard for awarding sanctions under Rule 11. This issue is a closer call because, just as the union contends, the district court did not separately consider the union's request for fees under the lower standard for imposing sanctions under Rule 11. As noted above, Rule 11, unlike the court's general authority to sanction vexatious challenges to labor-arbitration decisions, does not require a finding of bad faith, but rather just requires a showing that the litigant did not adequately investigate his claims before bringing suit. Thus, even though the district court concluded that sanctions were inappropriate under the court's general authority, the union may still have been entitled to sanctions under Rule 11. In another case in which the district court did not explain its denial of Rule 11 sanctions, we remanded for a hearing on the Rule 11 motion. *See Nisenbaum v. Milwaukee*

*County,* 333 F.3d 804, 811 (7th Cir.2003). But we may affirm without remanding if it is clear from the record that the imposition of Rule 11 sanctions would be improper. That is the case here because Perfection's reasonable attempt to modify or distinguish existing precedent, as detailed above, makes Rule 11 sanctions inappropriate in this case. *See Brunt,* 284 F.3d at 721 (upholding district court's denial of Rule 11 sanctions where, although litigant's claim was seemingly barred by existing precedent, litigant attempted to distinguish its case); *cf. Burda,* 2 F.3d at 775–76 (upholding district court's imposition of Rule 11 sanctions where litigant ignored dispositive authority).

AFFIRMED.