**Elbert F. EZELL, Plaintiff,**

v.

**LINCOLN ELECTRIC COMPANY, Defendant.**

**Civ. A. No. E84–0153(L).**

United States District Court, S.D. Mississippi, E.D.

March 23, 1988.

---

Roy Ferrell, Waynesboro, Miss., Richard J. Clarkson, Gilbert T. Adams, Jr., Beaumont, Tex., for plaintiff.

Angela C. Straka, Westinghouse Elec. Co., Pittsburgh, Pa., Claire Taylor, Upshaw and Ladner, Jackson, Miss., Heber A. Ladner, Jr., Upshaw & Ladner, Geenwood, Miss., Grade Watts Mitts, Eppes, Watts & Shannon, Meridian, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the Court on the Motion of former Defendants in this cause, Air Products and Chemicals, Inc. (Air Products), International Nickel Company (International Nickel) and Chemetron Corporation (Chemetron) for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Movants seek imposition of sanctions against Plaintiff's counsel for what they claim to have been inadequate investigation of the facts and law prior to filing the complaint in this cause. Plaintiff's counsel, Gilbert T. Adams, timely responded to the motion and the court has considered the memoranda of authorities, including supplemental memoranda, together with attachments submitted by the parties.

Plaintiff Elbert F. Ezell, formerly a welder by trade, filed this action in October of 1984 claiming he suffered from a lung disease, pulmonary fibrosis, caused by exposure to welding fumes. Named as defendants were nine manufacturers and distributors of welding equipment, including these movants. After approximately two and a half years, each of the movant defendants, Air Products, International Nickel and Chemetron, were dismissed with prejudice on February 16, 1987, following unopposed motions for summary judgment. Over the next several months, the remaining defendants, with the sole exception of Lincoln Electric Company, were dismissed on summary judgment motions. *See* Orders dated April 27, May 1, and June 18, 1987. Plaintiff proceeded to trial against Lincoln Electric and on October 26, 1987, after a jury verdict adverse to plaintiff, judgment was entered for Lincoln Electric. A notice of appeal by plaintiff followed on November 16, 1987. The present motion for sanctions was filed by these defendants on December 1, 1987.

■ Despite plaintiff's counsel's argument to the contrary, this court has juris-

diction to consider the present motion. Mr. Adams takes the position that the filing of the notice of appeal prior to defendants' motion for sanctions effectively divested this court of jurisdiction to consider the propriety of Rule 11 sanctions. Similar arguments have been rejected by numerous courts, including the Fifth Circuit. *Thomas v. Capital Security Services, Inc.*, 812 F.2d 984 (5th Cir.1987), *modified on reh'g*, 836 F.2d 866 (1988) (*en banc*), involved an appeal from the district court's refusal to impose sanctions. In that case, as in the present case, the motion for sanctions was filed only after the notice of appeal. There, the court concluded that the district court retained jurisdiction to entertain and resolve the motion for sanctions even though judgment on the merits had been properly appealed. *Thomas*, 812 F.2d at 987.

■ Mr. Adams also objects to this court's consideration of the motion for sanctions on the basis that the motion comes far too long after the court's order granting defendants' motions for summary judgment. He contends that the motion for sanctions, brought almost eight months after entry of judgment in favor of defendants, is clearly untimely. The advisory committee notes to Rule 11 suggest that the time for imposing sanctions is within the discretion of the district court. Thus, whether the court should decline to consider a delayed request for sanctions should be decided on a case-by-case basis, giving consideration to any and all factors which might affect the timing of filing.

Movants here assert that their delay was proper, citing that part of the advisory committee notes which states that a Rule 11 motion based on pleadings is generally determined at the end of the litigation. However, that general rule appears to have no application in the case at bar. In the court's view, the situation contemplated by the committee notes is one in which the basis for factual allegations in pleadings cannot be determined until such time as the party claiming those facts has had an adequate opportunity to develop his proof. In the case at bar, though, these movants were dismissed comparatively early in an unopposed motion for summary judgment. The relevant facts as to them had already been developed such that nothing was gained by defendants' having delayed filing their motion for sanctions. Hence, the rationale underlying the general rule of postponement of consideration of a sanctions issue until the end of litigation has no application.

What is of greater concern to the court regarding timeliness of the motion is not the length of time between the court's order granting defendants' motion for summary judgment and movants' filing of their motion for sanctions, but rather the length of time, over two years, between the filing of the complaint and the movants' filing of their motions for summary judgment. The basis for movants' request for sanctions is that plaintiff's complaint as regards these movants, at least, had no basis whatsoever in fact since there was never any intimation by plaintiff or anyone else that Elbert Ezell was ever exposed to any of these defendants' products. The court is aware that a certain amount of discovery was necessary by defendants, but observes that a time span of over two years for conducting what should have been limited discovery seems inordinately long. Nevertheless, that does not prevent the court's consideration of defendants' motion.[1]

■ As regards the merits of the motion, the court is of the opinion that while there are perhaps grounds supporting the imposition of sanctions against plaintiff's local counsel at the time this cause was

---

1. The Fifth Circuit has emphasized that

> An attorney may not remain idle after a "motion, pleading or other paper" filed in violation of Rule 11 by his opponent has come to his attention. The advisory committee notes that "[a] party seeking sanctions should give notice to the court and the offending party *promptly* upon discovering a basis for doing so." Fed.R.Civ.P. 11, advisory committee notes.

*Thomas v. Capital Security Services, Inc.*, 836 F.2d at 879. Should the nonviolating party fail to do so, the court may, in its discretion, reduce the amount of fees sought or decline to award expenses altogether. *Id.*

initiated, plaintiff's present counsel, Gilbert T. Adams, is not subject to the mandate of Rule 11 for the reason that he did not sign the allegedly offensive pleading, *i.e.,* the complaint. By its terms, Rule 11 relates specifically to misconduct in connection with the signing of pleadings and other papers. The Fifth Circuit has taken a strict view of the signing requirement of Rule 11 and has refused to allow sanctions to be imposed against anyone other than the attorney who signed the pleading, motion or other paper. *See Robinson v. National Cash Register Co.,* 808 F.2d 1119, 1128–29 (5th Cir.1987) (attorney must actually sign document to have sanctions imposed against him).

Despite Mr. Adams' not having signed the complaint, the movants urge that he is nevertheless accountable under Rule 11 since at the time the complaint was filed he was counsel, perhaps lead counsel, for plaintiff. It is defendants' contention that he should not escape responsibility by virtue of his having had local counsel sign off on the pleading. While this argument does have some appeal, Fifth Circuit precedent, and in particular *Robinson,* indicates that it is an argument which cannot be accepted by this court.[2] A second argument advanced by defendants in support of their contention that Adams may be subject to sanctions despite his not having signed the complaint is that he signed "a dozen other papers" filed in this matter. However, the shortcomings cited by defendants in support of their motion for sanctions are alleged deficiencies in the complaint. The other papers which Adams signed included responses to motions by other defendants, jury instructions, a pretrial order and relat-

ed matters, none of which had anything to do with these movants, and instead related exclusively to other defendants. Accordingly, there is nothing to show that Adams was responsible in any way for the alleged deficiencies.[3]

Since it is the court's opinion that Gilbert Adams is not subject to sanctions under Rule 11 as a result of his not having signed the complaint, the court is of the opinion that defendants' motion should be denied.

Accordingly, it is ordered that the motion of defendants Air Products, International Nickel and Chemetron is denied.

---

**2.** In any event, even were the court to assume that one who does not sign a pleading may be accountable under Rule 11, it is clear that a non-signing individual could not be subject to sanctions in the absence of a showing that he was responsible for the alleged inadequacies in the pleading. In fact, one of the reasons underlying the Fifth Circuit's holding in *Robinson* was the desire to avoid satellite litigation "over exactly who was responsible for a particular document" for Rule 11 purposes. *Robinson,* 808 F.2d at 1129.

**3.** Movants rely on a statement by the Fifth Circuit in *Thomas v. Capital Security Services, Inc.*

that a "series of filings" by a particular attorney "may indicate a pattern of attorney conduct of some consequence[,]" 836 F.2d at 875, in support of their claim that Mr. Adams' having signed papers other than the complaint itself may subject him to Rule 11 sanctions. However, in the court's opinion, the fact that Adams may have signed other papers in connection with this litigation, especially papers relative to other defendants, clearly does not establish a course of conduct of any consequence toward these movants.