A<span style="font-variant:small-caps">FFIRMED</span>.

---

**William B. KAPLAN, Plaintiff–Appellee,**

v.

**Merrill ZENNER, Defendant–Appellant.**

**Nos. 90–2234, 90–2885.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 23, 1991.

Decided Feb. 6, 1992.

As Amended Feb. 19, 1992.

Rehearing and Rehearing En Banc Denied
March 27, 1992.

Barry T. McNamara, Robert W. Gettleman (argued), Nancy G. Abrahams, Ted R. Jadwin, Selwyn Zun, Jamie Kittel, D'Anco-

**150**

na & Pflaum, Chicago, Ill., for plaintiff-appellee.

Gary L. Starkman (argued), Ross & Hardies, Carmen D. Caruso, Nicholas J. Etten, Foran & Schultz, George L. Grumley, Brian D. Vandenberg, Douglas J. Bank, Arvey, Hodes, Costello & Burman, Chicago, Ill., for defendant-appellant.

Before COFFEY and FLAUM, Circuit Judges, and ENGEL, Senior Circuit Judge.*

FLAUM, Circuit Judge.

Merrill Zenner appeals a district court order dismissing as untimely a Rule 11 motion for sanctions he brought against William Kaplan, a plaintiff in the district court proceeding. 130 F.R.D. 661. At issue is whether a sanctions motion filed prior to final judgment but a significant period after the movant has been dismissed from the case is timely.

The plaintiffs filed their initial multi-count complaint on November 25, 1986, alleging, among other things, violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). On April 22, 1987, an amended complaint was filed, adding Zenner as a named defendant to the RICO count. Zenner moved to dismiss the action against him for failure to state a claim, and on May 16, 1988, the district court granted his motion. The suit against the codefendants continued, however. On January 31, 1990, the plaintiffs and remaining defendants reached a letter agreement to settle. Shortly thereafter, on March 6, Zenner filed his Rule 11 sanctions motion. On April 26, while Zenner's motion was still pending, the district court—in light of the agreement to settle—entered an order dismissing the case with prejudice with leave to reinstate on or before July 26. On May 8, the court dismissed Zenner's Rule 11 motion as untimely. On July 26, the case had not been reinstated and the order dismissing it with prejudice became final.[1]

In dismissing Zenner's motion for sanctions, the district court noted that although there had not yet been a final judgment in the case, "nothing in Local Rule 46 ... allows a party to wait until ninety days after a final judgment to bring a motion for Rule 11 sanctions which was precipitated by conduct occurring years earlier." Mem. Op. and Order at 4.[2] Therefore, according to the court, "under Rule 11 a party must file a motion for sanctions within a reasonable time after the party knows or should have known of the basis for his or her sanctions motion." *Id.* Although the court acknowledged that Rule 11 contains no explicit time limit for bringing sanctions motions, it cited the Advisory Committee Notes to the rule which state: "A party seeking sanctions should give notice to the court and the offending party *promptly* upon discovering a basis for doing so." *Id.* at 2–3 (emphasis added by district court). The court also found it significant that at the time Zenner's motion was filed, a settlement agreement among the other parties "was in final form, waiting to be signed." *Id.* at 2.

Although the district court's reasoning is sound as an original matter, in *Szabo Food Service, Inc. v. Canteen Corporation*, 823 F.2d 1073 (7th Cir.1987), *cert. dismissed*, 485 U.S. 901, 108 S.Ct. 1101, 99 L.Ed.2d 229 (1988), this Court stated:

---

\* The Honorable Albert J. Engel, Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

1. Zenner filed two notices of appeal—the first on May 31, 1990, after the district court dismissed his Rule 11 motion as untimely, and the second on August 24, subsequent to the July 26 date upon which the April 26 order dismissing the case became final. The first was sufficient to vest this Court with jurisdiction, under the collateral order exception to 28 U.S.C. § 1291. *See TMF Tool Co. v. Muller*, 913 F.2d 1185,

1188–89 (7th Cir.1990); *Frazier v. Cast*, 771 F.2d 259, 261–62 (7th Cir.1985).

2. Rule 46 states:

A petition for attorney's fees in a civil proceeding shall be filed within ninety days of the entry of final judgment, provided that the court upon written motion and for good cause shown may extend the time. A petition for fees shall be denied if it is not filed within the period established by this rule.

The local rules in the Northern District of Illinois give parties 30 days [after final judgment] to file bills of costs (Local Rule 45(a)) and 90 days to file requests for attorney's fees (Local Rule 46). *If the request for sanctions under Rule 11 is assimilated to either category, it is timely.*

*Id.* at 1080 (emphasis added). Zenner contends that, under *Szabo,* his motion was timely: although brought nearly two years after his dismissal from the case, it was brought prior to the entry of final judgment. Zenner admits the situation would be different had the order granting his motion to dismiss been a final judgment pursuant to Federal Rule of Civil Procedure 54(b). The plaintiffs argue that the decision as to Zenner was final at the time the court dismissed the action against him. Thus, according to the plaintiffs, Zenner should have filed his motion for sanctions within a reasonable time after May 16, 1988, the date upon which the district court dismissed Zenner from the action; since he didn't, the district court's dismissal of his motion was proper.

This case illustrates the difficulty inherent in adhering to bright-line legal rules. We are not unsympathetic to the plaintiffs' argument or to the district court's reasoning. However, while *Szabo* in all likelihood did not envision the circumstances in the case at hand, it did set forth a clear rule upon which Zenner could have relied. No opinion from this Court directly addresses, in light of *Szabo,* whether a Rule 11 motion for sanctions may be dismissed as untimely when brought by a dismissed party *prior* to final judgment. Indeed, the sole case from within this circuit cited by the district court in support of its decision to bar Zenner's motion involves a Rule 11 motion

brought after final judgment. *See In re Central Ice Cream Co.,* No. 85 C 10073, slip op. at 9, 1986 WL 13635 (N.D.Ill. Nov. 21, 1986) ("appropriate time to raise [Rule 11] issue would have been within a reasonable time after the entry of judgment ...". Similarly, those cases from other circuits cited by the plaintiffs and the district court as support for barring Zenner's action address the timeliness issue in relation to the entry of final judgment. *See, e.g., Community Elec. Serv. of Los Angeles, Inc. v. National Elec. Contractors Ass'n,* 869 F.2d 1235, 1242 (9th Cir.) (district court did not abuse discretion in allowing sanctions motion filed within 30 days of entry of judgment, the time required to request attorneys fees), *cert. denied,* 493 U.S. 891, 110 S.Ct. 236, 107 L.Ed.2d 187 (1989); *Mary Ann Pensiero, Inc. v. Lingle,* 847 F.2d 90, 100 (3d Cir.1988) (Rule 11 motions must be filed in district court before entry of final judgment).

Consequently, although we do not applaud Zenner's delay in bringing his sanctions motion, we find that he should not have been foreclosed from bringing it when he did. *Szabo* establishes a clear time frame for such motions and, given *Szabo,* Zenner's motion was timely. We therefore vacate the dismissal of the sanctions motion and remand to the district court for a determination of its merits.

Because we do not wish to encourage unnecessary delay in bringing Rule 11 motions, in the future *Szabo* will define the outer parameters of the timeliness for sanctions claims; where appropriate, such motions should be filed at an earlier time— as soon as practicable after discovery of a Rule 11 violation.[3] *See Mary Ann Pensiero, Inc.,* 847 F.2d at 100. Henceforth, adhering to the technical strictures laid out

---

**3.** We choose not to apply this decision retroactively in light of the three-factor test set forth in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971). "First, the decision must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed." *Id.* at 106, 92 S.Ct. at 355 (citations omitted). Second, the merits and demerits in each case must be

weighed "by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." *Id.* at 106–07, 92 S.Ct. at 355 (citations omitted). Third, the court must consider the inequity that retroactive application would impose. *Id.* at 107, 92 S.Ct. at 355. We find that, under *Chevron,* the circumstances of this case render retroactive application inappropriate.

in *Szabo* will not necessarily protect a sanctions claim if the party bringing it has failed to do so within a reasonable amount of time. Reasonableness is necessarily dictated by the specific facts and circumstances in a given case. *See In re Yagman,* 796 F.2d 1165, 1184 (9th Cir.1986); *see also In re Kunstler,* 914 F.2d 505, 513 (4th Cir.1990) ("[T]hese considerations are equitable, and must be resolved on a case by case analysis."), *cert. denied,* —— U.S. ——, 111 S.Ct. 1607, 113 L.Ed.2d 669 (1991). As the Third Circuit has noted:

> If a party's action is "abusive" as contemplated by Rule 11, the adversary should be able to realize immediately that an offense has occurred. Seldom should it be necessary to wait for the district court or the court of appeals to rule on the merits of an underlying question of law.

*Mary Ann Pensiero, Inc.,* 847 F.2d at 99.

Although the Advisory Committee Notes state that "it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, and in the case of motions, at the time when the motion is decided or shortly thereafter," we agree with the reasoning of the court in *Ezell v. Lincoln Electric Company,* 119 F.R.D. 645, 646 (S.D.Miss.), *aff'd without op.,* 863 F.2d 880 (5th Cir.1988), that "the situation contemplated by the committee notes is one in which the basis for factual allegations in pleadings cannot be determined until such time as the party claiming those facts has had an adequate opportunity to develop his proof."[4] Such a situation is not present here, where Zenner's claim was not that the plaintiffs' amended complaint had contained false factual allegations, but rather that the facts alleged were legally insufficient to support every element of a RICO claim against him. Nothing was gained by Zenner's having delayed filing his sanctions motion.

In the future, where the letter of *Szabo* would serve to defeat the efficient and prompt filing of a Rule 11 motion, reasonableness must serve as the guide. Prompt filings of motions for sanctions after discovery of an abuse best serve both the systemic and case-specific deterrent functions of Rule 11. Here, however, in light of the possibility that counsel relied on *Szabo* in waiting to bring his motion, we vacate the district court order dismissing Zenner's Rule 11 motion as untimely, and remand for further proceedings consistent with this opinion.

VACATED AND REMANDED.

---

4. Indeed, one commentator has observed that the Advisory Committee Notes to this effect are "somewhat confusing[ ]" given that the Notes also state that the time for imposition of sanctions rests in the court's discretion. Schwarzer, *Sanctions Under the New Federal Rule 11—A Closer Look,* 104 F.R.D. 181, 197 (1985). According to Judge Schwarzer, "prompt action helps enhance the credibility of the rule and, by deterring further abuse, achieve its therapeutic purpose." *Id.* at 198.