**Brenda M. SMITH, Plaintiff,**

**v.**

**CB COMMERCIAL REAL ESTATE GROUP, INC., Defendant.**

**No. IP 95–26 C B/S.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Nov. 7, 1996.

Timothy Clark, Lee & Clark, Indianapolis, IN, for Plaintiff.

David W. Miller, Baker & Daniels, Indianapolis, IN, for Defendant.

## ENTRY GRANTING IN PART MOTION FOR SANCTIONS

BARKER, Chief Judge.

On January 9, 1996 this Court granted summary judgment against Plaintiff Brenda M. Smith on all of her claims against Defendant CB Commercial Real Estate Group, Inc. (CB Commercial). This matter is back before the Court on Defendant's motion for sanctions pursuant to Federal Rule of Civil Procedure 11 and section 1927 of the Judicial Code, 28 U.S.C. § 1927. In her complaint against CB Commercial, which she filed January 6, 1995, Plaintiff alleged that she had been subjected to a racially hostile work environment in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.*, and of section 1 of the Civil Rights Act of 1866 as amended, 42 U.S.C. § 1981. We assume familiarity with the underlying facts of the case, given in our January 9, 1996 Entry granting summary judgment, and discuss only those additional facts pertinent to the present matter. Defendant contends in its motion that it is entitled to an award of sanctions pursuant to Rule 11 and to section 1927, requiring Plaintiff to pay its reasonable expenses, including attorney fees. CB Commercial contends that sanctions are warranted because Plaintiff's section 1981 claim was clearly time-barred and Plaintiff's Title VII claim was clearly meritless. For the following reasons, we deny Defendant's motion for Rule 11 sanctions as untimely and grant in part and deny in part Defendant's motion for section 1927 sanctions.

### I. Facts

On January 6, 1995 Plaintiff, through her attorney Timothy Clark, signed, filed, and served her complaint in this action, alleging employment discrimination under section 1981 and Title VII. Smith alleged that she was subjected to a hostile work environment as a result of racially derogatory insults and slurs and that she was "verbally attacked" for complaining about the harassment she was suffering. On March 9, 1995 Defendant filed its Answer denying Smith was the object of discrimination and stating that Plaintiff's section 1981 claim was untimely as it was not brought within the statute's limitations period. Defendants's Answer also stated, and thereby gave Plaintiff notice, that the section 1981 claim was frivolous, unreasonable, and groundless and that CB Commercial was entitled to attorney fees and other costs associated with defending that claim. In our January 9, 1996 Entry, we granted summary judgment to Defendant on Plaintiff's section 1981 claim on the basis that it was time-barred. A section 1981 claim must be asserted within two years of the occurrence giving rise to the claim. *See Jones v. Merchants National Bank & Trust Co.*, 42 F.3d 1054, 1058 (7th Cir.1994) (applying Indiana's two-year statute of limitations for personal-injury actions to section 1981 claims). Because Smith filed her action on January 6, 1995, she could only complain about discriminatory acts occurring after January 6, 1993. We found, however, that the conduct on which Smith based her claim occurred no later than June 12, 1992. Consequently, we concluded that Plaintiff's claim was time-barred. We also granted summary judgment on Plaintiff's Title VII claim after concluding that, as a matter of law, evidence of seven unrelated comments made over a three-year period did not rise to the level of an objectively hostile work environment. Defendant filed its motion for sanctions on April 11, 1996.

### II. Rule 11 sanctions

Federal Rule of Civil Procedure 11 authorizes a court to impose sanctions, including attorney fees, upon attorneys, upon the clients they represent, or upon both. Rule 11 is violated when "parties or their attorneys" sign a pleading, motion, or other paper that, after reasonable inquiry, they know not to be well grounded in fact or not to be warranted by existing law or a good faith argument for the extension, modification, or

reversal of existing law.[1] *Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 118 (7th Cir.1994); *Burda v. M. Ecker Co.*, 2 F.3d 769, 773 (7th Cir.1993); *National Wrecking Co. v. International Bhd. of Teamsters, Local 731*, 990 F.2d 957, 963 (7th Cir. 1993). Rule 11 is also violated when parties or their attorneys bring legal action for any improper purpose, such as to harass or needlessly increase the cost of litigation. *Pacific Dunlop*, 22 F.3d at 118; *Burda*, 2 F.3d at 773; *National Wrecking*, 990 F.2d at 963. Although Rule 11 contains no explicit time limit for bringing sanctions motions, the Advisory Committee Notes to the rule states: "A party seeking sanctions should give notice to the court and the offending party promptly upon discovering a basis for doing so." Fed.R.Civ.P. 11 Advisory Committee Notes. The Seventh Circuit has established that the "outer parameter" of timeliness for purposes of a Rule 11 motion is the deadline under local rules for filing a bill of costs or a request for attorney fees. In *Kaplan v. Zenner*, 956 F.2d 149 (7th Cir.1992), the Seventh Circuit stated that in the Northern District of Illinois, the latest a motion for sanctions could be filed was either 30 days or 90 days after entry of final judgment, depending on whether costs or attorney fees were being sought. .

> The local rules in the Northern District of Illinois give parties 30 days [after final judgment] to file bills of costs (Local Rule 45(a)) and 90 days to file requests for attorney's fees (Local Rule 46). *If the request for sanctions under Rule 11 is assimilated to either category, it is timely.*

*Id.* at 151 (quoting *Szabo Food Service, Inc. v. Canteen Corporation*, 823 F.2d 1073 (7th Cir.1987), *cert. denied*, 485 U.S. 901, 108 S.Ct. 1101, 99 L.Ed.2d 229 (1988)) (emphasis

in original). In *Burda v. M. Ecker Co.*, 2 F.3d 769, 774 (7th Cir.1993), another case brought in the Northern District of Illinois, the court cited *Zenner* as having created "the outer parameters of the timeliness [sic] for sanctions claims." The *Burda* panel reaffirmed that "a bill of costs must be filed within thirty days after final judgment and requests for attorneys fees must be filed within ninety days of judgment."[2]

In the Southern District of Indiana, a party has 30 days within which to file either a bill of costs or a request for attorney fees. Local Rule 54.1 states in relevant part: "Except as otherwise provided by statute or rule, the parties shall have thirty (30) days from the entry of a final judgment against a party to file a request for the taxation of costs." S.D.Ind.Local Rule 54.1. While the current amended version of the rule, which became effective on December 16, 1994, does not specifically refer to attorney fees in its text, the Rule is still entitled "Taxation of Costs and Attorney's Fees." Moreover, at the time of its original adoption on February 1, 1992, the rule specifically referred to requests "for the taxation of costs and for the assessment of attorney fees." Local Rule 54.1 (1992).

Based on the Seventh Circuit's pronouncements in *Zenner* and *Burda* and this District's Local Rule 54.1, which we find to be analogous to the local rules relied upon by the *Zenner* and the *Burda* courts, we conclude that the latest a party may timely move for Rule 11 sanctions in this District is 30 days after entry of final judgment. We entered final judgment in favor of CB Commercial on January 9, 1996. Defendant did not file its motion for sanctions until April 11, 1996, that is, 92 days later. Consequently,

---

1. . Rule 11(b) states in pertinent part:

By presenting the Court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

\* \* \* \* \* \*

Fed.R.Civ.P. 11(b).

2. Since these two decisions were handed down, the Northern District of Illinois has amended its local rules so as to require that a motion for attorney fees be filed within 14 days of the entry of a final judgment. *See* N.D.Ill.Local Rule 46.

Defendant is not entitled to sanctions under Rule 11.

Even if Defendant had filed its motion within the 30–day period following the entry of judgment, we still would hold the motion to be untimely in regard to the costs and fees incurred in defending against Plaintiff's section 1981 claim. As we stated above, parties must request Rule 11 sanctions "as soon as practicable after discovery of a Rule 11 violation." *Zenner*, 956 F.2d at 151. It is clear that Defendant did not adhere to this requirement with respect to Plaintiff's section 1981 claim. Defendant asserted in its Answer, filed March 9, 1995, that Plaintiff had not brought the action within the statute of limitations required by Section 1981 (Answer, p. 3), that the action was "frivolous, unreasonable, and groundless," and that Defendant was entitled to costs and attorney fees (Answer, p. 4). Despite the knowledge that Plaintiff's section 1981 claim was untimely as a matter of law and, hence, barred, Defendant did not bring its motion for Rule 11 sanctions until more than a year later and, more significantly, not until *after* the Court had ruled on Defendant's motion for summary judgment. This delay prevented Plaintiff from taking advantage of a safe-harbor provision of Rule 11 that prohibits a party from filing a sanctions motion if, within 21 days after the motion is served on the offending party, that party withdraws or appropriately corrects the challenged pleading. Fed. R.Civ.P. 11(c)(1)(A). Having determined that the Rule 11 motion is barred, we turn to Defendant's alternate grounds for sanctions.

### III. Section 1927 sanctions

Under section 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. We begin our analysis of Defendant's section 1927 motion by noting that, unlike the Rule 11 claim, this claim does not appear to be untimely. The timeliness parameters that the *Burda* and *Zenner* courts set for Rule 11 sanction motions do not apply to section 1927 motions.

In *Vandeventer v. Wabash Nat. Corp.*, 893 F.Supp. 827, 845–46 (N.D.Ind.1995), the court granted a motion for sanctions pursuant to section 1927, while denying a motion for sanctions under Rule 11 as untimely. Distinguishing the two grounds for sanctions, the court noted that section 1927 "is not chained to the same language that foretold the outcome of Wabash's Rule 11 claims; thus Wabash's motion based on the statute can be brought later—indeed, § 1927 has constituted a valid basis for sanctions even after a remand from the Seventh Circuit." *Id.* at 846 (citing *Burda*, 2 F.3d at 777).

As to the substantive standard for imposing sanctions under section 1927, the Seventh Circuit noted in *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir.1985), that the provision is merely a restatement of the traditional American rule that each party bears its own legal fees unless the other side acts in bad faith. While "bad faith" sounds as if it is a subjective standard, the court noted that it has an objective meaning as well. *Id.* Analogizing the objective "bad faith" standard to the standard for misconduct under Rule 11, the Court of Appeals stated:

> If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious. To put this a little differently, a lawyer engages in bad faith by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law. Our court has long treated reckless and intentional conduct as similar. A lawyer's reckless indifference to the law may impose substantial costs on the adverse party. Section 1927 permits a court to insist that the attorney bear the cost of his own lack of care.

*Id.* at 445 (internal citations omitted). The subjective "bad faith" or malice standard, the Court continued explaining, may apply where an offending attorney brings an objectively colorable claim for improper purposes, such as to impose costs on the other side. *Id.* In such a case, a court may impose section 1927 sanctions even on a prevailing party if the party, in bad faith, caused its adversaries to

bear excessive costs. *Id.* The Seventh Circuit has maintained this dual subjective/objective standard in subsequent cases. *See, e.g., Burda v. M. Ecker Co.,* 2 F.3d 769, 777 (7th Cir.1993); *Kotsilieris v. Chalmers,* 966 F.2d 1181, 1184–85 (7th Cir.1992) (holding that "bad faith" existed where counsel raised baseless claims despite notice of the frivolous nature of those claims); *Walter v. Fiorenzo,* 840 F.2d 427, 433 (7th Cir.1988) (noting that "bad faith" may be evidenced where "a claim is without plausible legal or factual basis and lacking in justification"). The Seventh Circuit also has held that section 1927 vests in an attorney a continuing obligation to dismiss claims that are no longer viable. *Burda,* 2 F.3d at 778; *Fiorenzo,* 840 F.2d at 433–36; *Dahnke v. Teamsters Local 695,* 906 F.2d 1192, 1201 n. 6 (7th Cir.1990).

■ Defendant contends that Plaintiff's counsel, Timothy Clark, either brought or continued to advocate Plaintiff's section 1981 and Title VII claims despite their being frivolous and Clark's having notice of their frivolous nature. As a result, Defendant contends that Clark acted in bad faith and should be subjected to section 1927 sanctions. As to the section 1981 claim, Clark responds that, under the "continuing violation" doctrine, the viability of the claim was at least a matter in dispute. (Pl.'s Resp.Br., p. 1) In our Entry granting summary judgment, however, we noted that the continuing violation doctrine could not even arguably apply to Smith's section 1981 claim because "Smith cannot point to any discriminatory conduct occurring within the limitations period." *See* January 9, 1996 Entry, p. 6. We find that Clark's initial filing of Plaintiff's section 1981 claim and his continued advocacy of the claim in the face of clear authority that it was time-barred demonstrates bad faith and, consequently, constitutes unreasonable and vexatious conduct disruptive to the orderly process of justice, in violation of section 1927.

■ While we find Clark's advocacy of Plaintiff's section 1981 claim unreasonable, we cannot be as critical of his pursuit of Plaintiff's Title VII claim. In our January 1996 Entry, we concluded that the alleged incidents of discriminatory conduct, even when viewed as a whole, were not severe and pervasive enough to have altered the conditions of Plaintiff's employment. (January 9, 1996 Entry, p. 8) Our grant of summary judgment, in essence, determined that no reasonable trier of fact could have found Defendant to have discriminated against Smith. Nevertheless, we also took care to reiterate the Seventh Circuit's admonition that "the line that separates the merely vulgar and mildly offensive from the deeply offensive and ... harassing" is not always clear. *See Baskerville v. Culligan Int'l Co.,* 50 F.3d 428, 430 (7th Cir.1995). *See also Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 445 (7th Cir.1994) (there is no "magic number" of discriminatory events that give rise to a Title VII cause of action); *Rodgers v. Western–Southern Life Ins. Co.,* 12 F.3d 668, 674 (7th Cir.1993) (same).

We cannot say that Plaintiff's Title VII claim was not objectively colorable. Indeed, to find Clark's advocacy of Plaintiff's Title VII claim sanctionable would, as a practical matter, penalize Clark merely for having lost Plaintiff's case on summary judgment. Defendant contends that a hostile work environment claim, based on the incidents Plaintiff alleges, was clearly unreasonable, principally on the grounds that the incidents alleged by Plaintiff were fewer in number than in other cases where hostile work environment claims failed. However, other than comparing numbers, which approach the Seventh Circuit has specifically disavowed, *see Doe* and *Rodgers supra,* Defendant does not offer a clear distinction between Plaintiff's allegedly unreasonable claim from those insufficient claims that, nonetheless, are not objectively unreasonable. Because we are not prepared to sanction every attorney bringing a hostile work environment claim who fails to overcome a summary judgment challenge, we do not find Clark's advocacy of Plaintiff's Title VII claim to have been unreasonable or vexatious.

## IV. Conclusion

Defendant CB Commercial Real Estate Group, Inc.'s motion for sanctions under Federal Rule of Civil Procedure 11 is untimely, having been filed more than 30 days after the entry of final judgment in this case.

Consequently, the Court denies Defendant's motion for Rule 11 sanctions.

Defendant's motion for sanctions under 28 U.S.C. section 1927, on the other hand, is timely. The Court finds that counsel Timothy Clark's advocacy of Plaintiff's section 1981 claim in the underlying case was unreasonable and vexatious and constituted an abuse of the legal process. The same cannot be said of Clark's pursuit of Plaintiff's Title VII claim. Therefore, the Court grants Defendant's section 1927 motion with respect to the section 1981 claim but denies the motion with respect to the Title VII claim.

Plaintiff's counsel Timothy Clark shall be personally and solely liable for paying the attorney fees and costs that the Court assesses against him. Defendant shall file an itemized fee petition within 30 days detailing the reasonable attorney fees and costs it incurred in answering and moving for summary judgment only as to Plaintiff's section 1981 claim.