**NORTHLAKE MARKETING & SUPPLY, INC., et al., Plaintiffs,**

v.

**GLAVERBEL, S.A., et al., Defendants.**

No. 92C2732.

United States District Court,
N.D. Illinois,
Eastern Division.

June 30, 2000.

Anthony DiVincenzo, Campbell & DiVincenzo, Kenneth Anspach, Anspach & Assoc., Alvin Meyers, Chicago, IL, for plaintiff.

Jerold Schneider, Amy Wilmot, Arter & Hadden, Washington, DC, for defendant.

*MEMORANDUM OPINION
AND ORDER*

SHADUR, Senior District Judge.

On March 29, 2000 Glaverbel, S.A., Fosebel, Inc. and Foseco, Inc. (collectively "Glaverbel") brought a motion to hold defense counsel—Anthony DiVincenzo, John Brezina and their law firms, Campbell & DiVincenzo and Brezina & Elrich (all collectively "Northlake's Counsel")—jointly and severally liable with their clients (collectively "Northlake") for the $1,286,123 attorneys fees and costs already awarded by this Court. Glaverbel asks that sanctions be imposed under one or more of Fed.R.Civ.P. ("Rule") 11, 28 U.S.C.

§ 1927 ("Section 1927") and the inherent powers of federal courts.

Northlake's Counsel assert several defenses. Their first argument, that this Court lacked jurisdiction to hear the motion, was rejected by this Court's May 2, 2000 oral ruling ("May 2 Ruling"). But Northlake's Counsel also go on to raise two additional objections to Glaverbel's motion:

1. that it is untimely and

2. that it is barred by claim preclusion.

Because this Court finds the first contention persuasive, it need not address the claim preclusion argument (to say nothing of not having to deal with the underlying merits of Glaverbel's motion). Hence Glaverbel's motion for sanctions is denied in its entirety.

To begin with Rule 11, that potential source of sanctions underwent a sea change in December 1993, with a number of the revisions promulgated at that time having operated to draw the Rule's fangs to a great extent. In many ways the most significant of those revisions was the insertion of a safe harbor provision (Rule 11(c)(1)(A)), which effectively gives an offending lawyer one free bite[1] by requiring a 21-day notice to be given to that lawyer before any Rule 11 motion may be filed by his or her adversary, creating a window period within which the Rule-violative document may be withdrawn or corrected.

Here Glaverbel concededly gave no such notice to Northlake or to Northlake's Counsel. But Glaverbel urges that this action's ancient vintage (it was filed back in 1992) makes the pre–1993 version of Rule 11 applicable, hence obviating any requirement of notice. That particular line of disagreement between the parties could potentially pose some perplexing issues, among them:

1. If and to the extent that the pre–1993 version of Rule 11 does apply here, what damages sustained by Glaverbel in the form of attorneys' fees are attributable to Northlake's pre-amendment filings and which to its post-amendment filings?

2. What other implications (if any) flow from the Supreme Court order (adopted April 22, 1993 and reproduced at 146 F.R.D. 404) as to the applicability of the 1993 amendment to pre-amendment cases? Here is the relevant portion of that order (emphasis added):

> That *the foregoing amendments* to the Federal Rules of Civil Procedure shall take effect on December 1, 1993, and *shall govern* all proceedings in civil cases thereafter commenced and, *insofar as just and practicable, all proceedings in civil cases then pending.*

As will be seen, however, this Court's view of the subject enables it to avoid such complications entirely.

### Untimeliness of Glaverbel's Motion

Given its date of decision, *Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1027 (7th Cir.1999)[2] obviously spoke in terms of the post–1993 version of Rule 11. Nonetheless it squarely reaffirmed the timeliness standard established by the pre-amendment opinion in *Kaplan v. Zenner*, 956 F.2d 149, 151 (7th Cir. 1992), which directed that any Rule 11 motions should be filed "as soon as practicable after discovery of a Rule 11 violation." Of course "reasonableness is necessarily dictated by the specific facts and circumstances in a given case" (*Divane*, 200 F.3d at 1027, quoting *Kaplan*, 956 F.2d at 152).

In addition to that case-variable concept, *Kaplan*, 956 F.2d at 151 had also included a bright-line component of the timeliness test:

---

1. This Court has frequently likened that amendment to the common law doctrine, applicable to dog bites, that insulated a dog owner from liability to his or her dog's first victim—the "one-bite rule" (*Harris v. Walker*, 119 Ill.2d 542, 547, 116 Ill.Dec. 702, 519 N.E.2d 917, 918 (1988)).

2. As this Court stated in the May 2 Ruling and as agreed by the parties, this opinion looks to Seventh Circuit law rather than to Federal Circuit decisions on the question whether to impose sanctions here (*DH Technology, Inc. v. Synergystex Int'l, Inc.*, 154 F.3d 1333, 1343 (Fed.Cir. 1998)).

Because we do not wish to encourage unnecessary delay in bringing Rule 11 motions, in the future *Szabo* [*Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073 (7th Cir.1987)] will define the outer parameters of the timeliness for sanctions claims....

In turn *Szabo*, 823 F.2d at 1080 (another pre-amendment decision), relying on this District Court's former General Rule ("GR") 46, had held that requests for attorney's fees should be filed within 90 days of final judgment in all events. But that was indeed framed as the outer time limit, for *Kaplan*, 956 F.2d at 152 went on to say that compliance with the *Szabo* test "will not necessarily protect a sanctions claim if the party bringing it has failed to do so within a reasonable amount of time."

Nothing in *Divane*[3] suggests that *Kaplan's* rationale for establishing the "outer parameters" for timeliness has been rendered obsolete. There has, however, been a change applicable to GR 46 itself: In accordance with the directive to all district courts to bring their local rules into numerical conformity with their related federal rules, effective September 1, 1999 that rule was redesignated as LR 54.3, and it now includes this provision:

> Unless otherwise ordered by the Court, this rule does not apply to motions for sanctions under Fed.R.Civ.P. 11 or other sanctions provisions.

That effectively places within a court's discretion whether or not to impose the bright-line time constraint of GR 46 (now LR 54.3) to a motion such as Glaverbel's.

█ In this instance Glaverbel's motion for sanctions was brought more than nine months after this Court's June 25, 1999 judgment order, so that it falls outside of the *Kaplan* "outer parameters" by a full six months. Even though that is not a per se bar because of the above-quoted portion of LR 54.3, this Court finds that Glaverbel's Rule 11 motion was untimely because it did not conform to the *Szabo-to-Kaplan-to-Divane* test calling for submission of every such motion "as soon as practicable after discovery of a Rule 11 violation."

Glaverbel's counsel offer no persuasive argument as to why they could not have brought the motion far, far sooner, let alone waiting until so long after the entry of final judgment. Indeed, it is scarcely as though Glaverbel's counsel had been unaware either of the claimed violations or of the prospect of fee shifting—after all, the obtaining of a major fee award against the clients was a key ingredient in the case, and Glaverbel has offered nothing to justify its not simultaneously asserting the claim against both the Northlake clients and their lawyers. Neither the pending appeal nor the desire of Glaverbel's counsel for further discussion with the clients supports the delay in targeting counsel. And *Divane*, 200 F.3d at 1027 teaches that when a Rule 11 movant had "raised no equitable considerations to explain such a delay, the motion should have been denied"—surely the case here.

Glaverbel cites *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) in a vain effort to support its timeliness argument. True enough, *Cooter & Gell* affirmed Rule 11 sanctions imposed under the pre–1993 rule 3½ years after the voluntary dismissal of the complaint there, but in that case the Rule 11 motion at issue had been filed and argued orally *before* final judgment, and it was the district court's long delay in ruling on the matter—rather than any delay on the movant's part—that created the protracted lapse of time. It will not do for Glaverbel to argue that it too raised and expressly deferred its motion prior to final judgment in this case. Such an informal oral assertion of a future intention, which is then permitted to go without implementation for an extended period, does not equate to an actual filing that is then deferred for one

---

3. *Divane* did not need to address the *Szabo* issue, because there plaintiff initially brought a pretrial motion for sanctions (one that was dismissed as premature) and later (roughly two weeks after a judgment was entered against defendants) moved for sanctions, again well within the "outer parameters."

reason or another (cf. the discussion in *AMP Inc. v. Fleischhacker*, 823 F.2d 1199, 1208–09 (7th Cir.1987)).

Glaverbel's other Supreme Court citation, *White v. New Hampshire*, 455 U.S. 445, 451 n. 13, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), is equally inapposite. *White* involved a post-judgment request for fees brought under the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988. At issue was whether Rule 59(e)'s 10 day time limit on motions to alter or amend judgments barred the request. *White* held that Rule 59(e) was inapplicable to the fee request, but the Court did not address the general timeliness of the movant's request. Indeed *White*, 455 U.S. at 454, 102 S.Ct. 1162 (footnotes omitted) itself confirmed that overall timeliness was a separate issue:

> [D]istrict courts remain free to adopt local rules establishing the timeliness standards for the filing of claims for attorney's fees. And of course the district courts generally can avoid piecemeal appeals by promptly hearing and deciding claims to attorney's fees. Such practice normally will permit appeals from fee awards to be considered together with any appeal from a final judgment on the merits.

Glaverbel's decision to wait until after the actual disposition of the substantive appeal to bring its current motion for sanctions thus actually undercuts the policy identified in the very case that it seeks to invoke to support its position.

As for Section 1927, everything that has been said regarding Rule 11 applies with equal force to sanctions sought to be imposed under the auspices of that statute. There is no more reason for permitting an unjustified delay in submission of a sanctions motion that calls one potential source of such relief into play than there is where another possible source is at issue.

That logically segues into the question, given the May 2 Ruling's specific reference to the *Chambers v. NASCO, Inc.*, 501 U.S. 32, 56, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) statement that "sanctions may be imposed years after a judgment on the merits," why *Chambers* should not call for a ruling of timeliness here. In brief, *Chambers* couples its statement that sanctions "may" be imposed years after a judgment with an express confirmation (*id.* at 56 n. 19, 111 S.Ct. 2123) that the time when sanctions are to be imposed rests in the discretion of the trial judge.[4] Nothing in *White, Cooter & Gell* or *Chambers* counsels that this Court should not follow the Seventh Circuit standard for timeliness as set out in *Kaplan*, an opinion consistent with *Chambers* and rendered almost a year later (and, as already observed, reconfirmed by our Court of Appeals just last year).

In sum, this Court views the timeliness issue as calling for identical treatment whatever the source of claimed sanctions may be: whether Rule 11 or Section 1927 or the inherent powers of the judiciary. This Court finds the rationale underpinning *Kaplan's* timeliness standard to be equally persuasive in all three contexts, and it finds Glaverbel to have failed utterly in voicing any legitimate justification (as demanded by *Divane*, 200 F.3d at 1027) for its delay in advancing its sanctions motion against Northlake's Counsel.

### Conclusion

Glaverbel's motion to hold Northlake's Counsel jointly and severally liable with Northlake for the attorneys' fees and costs already awarded in this action has been the subject of unjustified delay. Glaverbel's motion is denied.

---

4. It is also noteworthy that *Chambers* itself described the function of the inherent power doctrine as "fill[ing] in the interstices" left by the Rule 11 and Section 1927 sources of sanctions (501 U.S. at 46, 111 S.Ct. 2123), and that our Court of Appeals has stressed the limited role to be played by that doctrine (see, e.g., *Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1058–59 (7th Cir.1998)). But in light of the analysis here, there is no need to explore whether and to what extent the *Chambers* doctrine might be rendered unavailable to Glaverbel on that ground.