**Kevin HAMIL and Mark Jones, Plaintiffs,**

**v.**

**MOBEX MANAGED SERVICES COMPANY and Mobex Communications, Inc., Defendants.**

No. 1:01–CV–366.

United States District Court, N.D. Indiana, Fort Wayne Division.

June 11, 2002.

---

Robert T. Keen, Jr., Arthur E. Mandelbaum, Monica S. Sandkuhler, Miller Carson Boxberger and Murphy, Fort Wayne, IN, for plaintiffs.

Robert D. Moreland, Keith E. White, Baker and Daniels, Fort Wayne, IN, for defendants.

## *MEMORANDUM OF DECISION AND ORDER*

WILLIAM C. LEE, Chief Judge.

Currently before the Court is a motion for sanctions filed by the defendants in this case, Mobex Managed Services Company and Mobex Communications, Inc. (hereinafter, "MMSC" collectively) on May 7, 2002. Plaintiffs in this case, Kevin Hamil ("Hamil") and Mark Jones ("Jones"), filed a response to the motion for sanctions on May 22, 2002, to which MMSC replied in support of its pending motion on June 5, 2002. For the following reasons, MMSC's motion for sanctions will be DENIED.

## FACTUAL AND PROCEDURAL HISTORY

Hamil and Jones filed a lawsuit against MMSC on October 10, 2001, alleging that MMSC breached Plaintiffs' employment contracts. On October 29, 2001, MMSC filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction arguing that MMSC and the Plaintiffs were all residents of Indiana, thereby destroying diversity of citizenship. Plaintiffs responded to MMSC's motion to dismiss on November 13, 2001. In their response, Plaintiffs argued that this Court could properly assert subject matter jurisdiction because MMSC's principal place of business was not in Fort Wayne, Indiana, but rather Washington, D.C. In support of their response, Plaintiffs filed the Affidavits of Kevin Hamil and Mark Jones. On November 26, 2001, MMSC filed a Reply Memorandum in Support of its Motion to Dismiss.

This Court entered its original Memorandum of Decision and Order on December 10, 2001. Due to conflicting affidavit testimony regarding MMSC's principal place of business, the Court took the matter of subject matter jurisdiction under advisement and directed that the parties submit supplemental briefs on the issue within thirty (30) days.

In response to the Court's December 10, 2001 order, MMSC filed a Supplemental Memorandum and Appendix in further support of its motion to dismiss. Plaintiffs chose not to respond to this Court's request for additional information. Moreover, Plaintiffs made no effort to clarify or correct their previously submitted affidavit testimony.

On February 12, 2002, this Court entered its second Memorandum of Decision and Order granting MMSC's motion to dismiss and finding that Fort Wayne, Indiana was indeed MMSC's principal place of business. In making that determination, this Court found claims made by the Plaintiffs in their supporting affidavits to be "not credible" and, in certain instances, to have been directly contradicted by the evidence.

On April 11, 2002, MMSC moved, by counsel, that Plaintiffs be sanctioned in the amount of $8382.00 for submitting affidavits to this Court that contained factual allegations contradicted by the evidentiary record.

MMSC claimed that such an award of sanctions would compensate MMSC for the costs it incurred in preparing its Reply Memorandum, Supplemental Memorandum, and three supporting affidavits. MMSC withdrew its first motion for sanctions on April 16, 2002, but filed the Renewed Motion for Sanctions now before this Court on May 7, 2002.

## DISCUSSION

### I. Rule 11 Sanctions

MMSC first argues that Plaintiffs should be sanctioned under Rule 11 of the Federal Rules of Civil Procedure. Rule 11 requires that pleadings filed with the Court be reasonably based on the law and not meant to harass, cause unnecessary delay, or needlessly increase the costs of litigation. *See* Fed. R.Civ.P. 11. In pertinent part, Rule 11 states:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—(1) it is not being presented for any improper purpose ...; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or the establishment of new law; ... (3) the allegations and other factual contentions have evidentiary support....

Fed.R.Civ.P. 11. Litigants who violate Rule 11 are liable for sanctions, including reasonable attorneys' fees. *See* Fed.R.Civ.P. 11.

Here, MMSC argues that Plaintiffs' conduct in this case violates Rule 11. MMSC states, "Even if Plaintiffs reasonably believed that there was an adequate factual basis for initially raising their claims in this Court, after MMSC's Motion to Dismiss, it was apparent that Plaintiffs' position was not well-grounded in fact or warranted by existing law. Rather than voluntarily dismissing the case at that time, Plaintiffs filed affidavits that were 'not credible,' a fact recognized by this Court in its February 12, 2002 Order...." Memorandum in Support of Defen-

dant's Renewed Motion for Sanctions at 4. Indeed, this Court was dismayed by the fact that Plaintiffs declined to correct or clarify the affidavits they first submitted in opposing the motion to dismiss, especially where Plaintiffs' affidavit testimony was contradicted by the evidence. Nevertheless, the Court does not believe that an award of sanctions is appropriate in this case because MMSC has failed to abide by the procedural requirements for bringing a motion for Rule 11 sanctions.

### A. Safe Harbor Provision

■ Rule 11 provides that a motion for sanctions "shall not be filed with or presented to the court unless, within twenty-one (21) days after service of the motion (or such other period as the court might prescribe), the challenged paper, claim, defense, condition, allegation or denial is not withdrawn or appropriately corrected." Thus, Rule 11 contains a "safe-harbor provision" whereby parties seeking to file a motion for sanctions must give the opposing party twenty-one (21) days to correct the offending document before actually seeking sanctions before the court.

Several courts have addressed the issue of whether the safe-harbor provision applies in cases such as the one now before the court, where the motion for sanctions is filed after judgment has been rendered. Plaintiffs cite *Ridder v. City of Springfield,* 109 F.3d 288, 296–97 (6th Cir.1997) for the proposition that the safe-harbor provision of Rule 11 precludes an award of sanctions after the matter has been judicially disposed. The *Ridder* court reasoned that because the offending party cannot have any opportunity to correct the challenged paper if the court has already rendered judgment, the safe harbor provision would be meaningless if motions for sanctions could be filed after judgment. Because the Sixth Circuit believed that the safe harbor provision must always be followed, it held that no Rule 11 sanctions may be awarded post-judgment. *See id.*

However, as MMSC argues, the Seventh Circuit Court of Appeals expressly declined to adopt the rule set forth in *Ridder.* In *Divane v. Krull Electric Co., Inc.,* 200 F.3d 1020 (7th Cir.1999), the Seventh Circuit stated, "By themselves, the purposes of Rule 11(c)(1)(A) do not justify a broad rule that sanctions cannot be imposed as a result of a motion properly submitted to the court after a judgment." However, the *Divane* court went on to state, "We agree with the [Sixth Circuit] that the twenty-one day safe harbor is not merely an empty formality." The Court distinguished *Ridder* on the basis that in *Ridder,* the motion for sanctions that was filed never complied with the twenty-one day safe harbor. In contrast, the motion for sanctions in *Divane* had been served on the offending party early in the litigation, more than twenty-one days prior to submitting the motion to the court, and more than twenty-one days prior to the rendering of a final judgment. Thus, the offending party had had an opportunity to correct the errant filing before the motion for sanctions was ruled upon.

Reconciling these precedents, this Court finds that a motion for sanctions may be filed with the court after judgment as long as the moving party has first served the motion for sanctions on the offending party twenty-one (21) or more days prior to final judgment. In this case, MMSC first served its motion for sanctions on April 11, 2002, nearly two months after the Court had dismissed the case. They did not serve the motion on Plaintiffs before the Court had rendered its final judgment, and Plaintiffs were unable to take any action to withdraw or correct the problematic affidavits. As a result, MMSC failed to comply with the Rule 11 safe harbor provision and the motion for sanctions will be denied.

### B. Timeliness Under Rule 11

■ In addition to failing to comply with the safe harbor provision of Rule 11, MMSC also failed to file their motion for sanctions in a timely manner. In the Seventh Circuit, a party must request Rule 11 sanctions as soon as practicable after the discovery of a Rule 11 violation. *See Kaplan v. Zenner,* 956 F.2d 149, 151 (7th Cir.1992). In this case, the latest date that MMSC could have become aware of the Rule 11 violations would have been January 25, 2002—the deadline for

Plaintiffs to submit a corrected or clarified brief on the issue of MMSC's principal place of business. Once MMSC became aware that plaintiffs did not intend to correct or clarify their originally submitted affidavits, MMSC should have been aware of the contradictory affidavits and could have served their motion for sanctions on Plaintiffs. Instead, MMSC waited nearly two and one-half months to first file the motion for sanctions, clearly violating the procedure outlined in Rule 11. Accordingly, MMSC's motion for sanctions under Rule 11 is untimely and will be denied.

### C. Timeliness under Local Rule 54.1

In addition, MMSC's motion for sanctions was untimely according to Local Rule 54.1. Local Rule 54.1 governs the filing of post-judgment motions for attorney's fees and costs. Specifically, Local Rule 54.1 states:

> Except as otherwise provided by statute, rule, or court order, a party shall have fourteen (14) days from the entry of a final judgment to file and serve a request for the taxation of costs and for assessment of attorney fees. The time may be extended by the court for good cause shown. Failure to file such a request or to obtain leave of court for extensions of time within which to file shall be deemed a waiver of the right to make such a request. . . .

In this case, Local Rule 54.1 also governs the deadline for filing the motion for Rule 11 sanctions. *See Kaplan,* 956 F.2d at 151 (applying district court's local rules governing post-judgment motions for bills of costs or attorney's fees where the request for Rule 11 sanctions was based upon either category).

This Court entered final judgment in this case on February 12, 2002. MMSC did not first file its Motion for Sanctions until April 11, 2002. Moreover, at no time did MMSC request to extend the deadline for filing its motion for sanctions. Accordingly, MMSC's motion for sanctions under Rule 11 is untimely under Local Rule 54.1 and will be denied.

### II. The Inherent Power of this Court

MMSC further requests that this Court exercise its inherent power to issue sanctions against Hamil and Jones. However, the Seventh Circuit has emphasized that "the inherent power must be invoked with the utmost caution, particularly where the matter under consideration is governed by other procedural rules, lest . . . the restrictions in those rules become meaningless." *Corley v. Rosewood Care Center, Inc.,* 142 F.3d 1041, 1059 (7th Cir.1998) (internal citations omitted). Here, the sanctions MMSC seeks are clearly governed by Fed.R.Civ.P. 11. Indeed, had MMSC acted at the appropriate time, Rule 11 may have provided a remedy. However, MMSC took no action to preserve its right to seek sanctions. Accordingly, the Court does not believe the circumstances of this case warrant the Court invoking its inherent authority to sanction Plaintiffs. MMSC's motion for sanctions will be denied.

### CONCLUSION

Based upon the foregoing, MMSC's Renewed Motion for Sanctions is hereby DENIED.