# In the

# United States Court of Appeals

## For the Seventh Circuit

————————

No. 03-1928

BETH ANNE SULLIVAN and TERRENCE M. DONOHOE,

*Plaintiffs-Appellees*,

v.

CRAIG M. HUNT,

*Defendant-Appellant.*

————————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 94 C 539—**John A. Nordberg**, *Judge.*

————————

ARGUED NOVEMBER 5, 2003—DECIDED NOVEMBER 26, 2003

————————

Before FLAUM, *Chief Judge*, and BAUER and WILLIAMS, *Circuit Judges*.

FLAUM, *Chief Judge*. After winning a motion to dismiss based upon the plaintiffs' failure to prosecute, defendant and attorney Craig Hunt moved for costs pursuant to 18 U.S.C. § 1964 and for sanctions under Rule 11 of the Federal Rules of Civil Procedure. The district court denied Hunt's motions, and he now appeals. For the reasons stated herein, we affirm.

## I. Background

In 1994, shareholders Beth Anne Sullivan and Terrence M. Donohoe brought suit for state law securities violations against AdeXpress, Inc. and its founders William Rilling and Warren Hornsby. The plaintiffs filed a First Amended Complaint on July 13, 1995, which added Craig Hunt and William Freschi, Jr. as defendants in both their individual capacities and as directors of AdeXpress. The First Amended Complaint also added claims under federal securities law and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c).

Plaintiffs' RICO claims were dismissed on May 22, 1997, because the plaintiffs failed to allege a pattern of racketeering activity sufficient to support a RICO claim. The federal securities law claims against defendant Hunt were dismissed on March 31, 1999. In 2001, the defendants filed a motion for summary judgment and for dismissal for failure to prosecute and the motion was granted in July 2002. Two weeks later, the plaintiffs filed motions to vacate the dismissal, and these motions were denied on November 13 and 14, 2002. On February 14, 2003, Hunt filed a "Motion for Attorney Fees/Costs Under 18 USC 1964(c) and for Rule 11 Sanctions." The district court denied this motion and Hunt now appeals.

## II. Discussion

Hunt argues that the district court abused its discretion by refusing to grant Hunt fees and costs pursuant to 18 U.S.C. § 1964(c) and Federal Rule of Civil Procedure 11. We disagree.

First, 18 U.S.C. § 1964(c) does not apply to prevailing defendants. The statute provides that

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may

> sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee. . . .

18 U.S.C. § 1964. The plain language of this statute allows plaintiffs who successfully bring suit under RICO to recover costs and attorney's fees. It does not, however, provide a remedy for defendants who successfully defend against a RICO suit.

Although Hunt argues that case law compels us to find in his favor, the two cases he cites have nothing to do with a defendant receiving costs or fees under 18 U.S.C. § 1964(c). *See Brandt v. Schal Assocs.*, 960 F.2d 640 (7th Cir. 1992) (holding that successful RICO defendants may receive attorney's fees under Federal Rule of Civil Procedure 11); *Zenith Ins. Co. v. Breslaw*, 108 F.3d 205 (9th Cir. 1997) (holding that a prevailing RICO defendant may receive attorney's fees under Federal Rule of Civil Procedure 54(d)). Hunt is not a person injured in his business or property *by reason of a violation* of RICO, and therefore cannot receive relief under 18 U.S.C. § 1964(c).

Hunt also cannot prevail under Federal Rule of Civil Procedure 11 because his request for sanctions was untimely. It is well established in this Circuit that 90 days from the date of entry of final judgment represents "the outer parameters of the timeliness for sanctions claims." *See Kaplan v. Zenner*, 956 F.2d 149, 151 (7th Cir. 1992). Moreover, 90 days from the entry of final judgment is not guaranteed to the parties; we have held that this limit "will not necessarily protect a sanctions claim if the party bringing it has failed to do so within a reasonable amount of time." *Id.* at 152. Where appropriate, sanctions motions "should be filed at an earlier time—as soon as practicable after discovery of a Rule 11 violation." *Id.* at 151.

In this case, Hunt clearly exceeded the 90-day bright-line limit for filing Rule 11 motions. Final judgment was entered on July 31, 2002; Hunt's motion was not filed until 198 days later on February 14, 2003. Hunt argues that we should not use July 31, 2002 as the final judgment date, but should rather begin counting from November 14, 2002—the date that the last motion to vacate was denied. Even if we were to accept this tolling approaching, however, Hunt's motion was still filed two days beyond the 90-day maximum.

Hunt further argues that this two-day period should be disregarded because the litigation had been ongoing for many years and there was significant factual information needed from other attorneys and the various defendants. We find this argument to be unpersuasive. Hunt had ample time to gather the information needed for his motion, which mainly challenged the First Amended Complaint (filed in 1995) and the RICO claims (dismissed in 1997). Finally, if the motion could not have been properly filed within these limits, Hunt should have filed a motion requesting the district court for an extension of time. Considering Hunt's failure to act in a timely manner, the district court's denial of his motion for Rule 11 sanctions was not an abuse of discretion.

### III. CONCLUSION

The judgment of the district court is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*