**Lenora JOHNSON, Plaintiff,**

v.

**REVENUE MANAGEMENT CORPORATION and John Does 1–10, Defendants.**

**No. 98 C 2275.**

United States District Court,
N.D. Illinois,
Eastern Division.

June 16, 1999.

---

Cathleen M. Combs, Daniel A. Edelman, James O. Latturner, Edelman & Combs, Chicago, IL, Michelle R. Teggelaar, Edelman & Combs, Chicago, IL, for Lenora Johnson, plaintiff.

Michael R. Dockterman, Jennifer Kathryn Walter, Wildman, Harrold, Allen & Dixon, Chicago, IL, Talbot Charles Hoevel, Talbot Hoevel & Associates, P.C., Chicago, IL, for Revenue Management Corporation, defendants.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Plaintiff has moved to voluntarily dismiss this Fair Debt Collection Practices Act (FDCPA) action, 15 U.S.C. § 1692 et seq., against Revenue Management Corp. (RMC). In addition, she moves for sanctions of costs and attorney's fees against defendant for "unreasonably and vexatiously" multiplying and prolonging the proceedings. 28 U.S.C. § 1927.

In April 1998, plaintiff filed suit against RMC, claiming that a debt collection letter it sent her in August 1997 violated the FDCPA. She alleged that the August 1997 letter was the first communication she received from defendant regarding a particular debt and that language in the letter stating that failure to make prompt payment would lead to additional collection procedures overshadowed the information required under § 1692g(a) of the Act that the consumer has 30 days to dispute the validity of the debt. Defendant filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), which the court granted. Plaintiff appealed this court's ruling to the Seventh Circuit, which reversed and remanded. After the case returned and discovery began in this court, defendant provided plaintiff with a copy of what it claimed was the first letter that it sent plaintiff. That letter, dated July 1997, included the statutorily required language and made no request for "prompt payment." RMC claimed that because the August 1997 letter was the second communication regarding the debt and was sent more than 30 days after the initial communication, the provisions of § 1692g did not apply to it. It moved for summary judgment on this basis. Plaintiff also moved to voluntarily dismiss the case for the same reasons, simultaneously bringing her motion for sanctions.

Plaintiff claims that sanctions are appropriate because defense counsel knew "through the entire course of the proceedings that the parties were vigorously litigating a moot issue." She argues that even if she had not actually received the first letter RMC sent, she would not have brought the case or would have dismissed the pending case if RMC had informed her that it had sent such a letter. Plaintiff complains that in its motion to dismiss and

in conversations between counsel, defendant simply made no mention of the first letter it sent.

Defendant responds that it had no way of knowing whether plaintiff had actually received the first letter and that if she had not, her claim would not necessarily be discredited. It claims that according to the allegations in the complaint, the August 1997 letter was the first plaintiff had received. It asserts that its Rule 12(b)(6) motion was proper as it relied on the facts alleged in the complaint and that documents not attached to the complaint or facts not alleged in the complaint would not have been properly included in a motion to dismiss.[1] Additionally, RMC claims that it was under no obligation to propound discovery during the appeal.

The motion for sanctions makes clear that plaintiff is outraged that the time and money invested in this case was ultimately wasted. The court shares in that frustration, as its own time (and taxpayers' money) must also be written off as a loss. Despite this, it is not convinced that defendant is fully responsible for this waste of time and that plaintiff bears no responsibility in the matter. Plaintiff places the blame for the waste of time and expenses solely on RMC. She does not adequately explain, however, her own failure to determine that the August 1997 letter was the second communication she received from RMC concerning a specific debt. Because plaintiff had several delinquent accounts with St. Anthony's Hospital that RMC handled, she had previously received debt collection letters from RMC. Plaintiff states that the reason she thought the August 1997 letter was the first for "this particular debt" was that it contained the language required in an initial written communication, which is not usually included in subsequent letters.

Notably absent from plaintiff's motion for sanctions is the assertion that she never actually received the July 1997 letter that Revenue Management sent. The court finds this factual omission telling, especially when considered in light of plaintiff's admission that she had received previous communications from RMC regarding other delinquent debts and that she had thrown out some of the letters she had received. If counsel is aware that a client has discarded letters received from a debt collection company, it should alert her to the necessity of determining whether the letter over which she was initiating a lawsuit was truly the first received. If counsel in this case knew before the lawsuit was filed that some collection letters were missing, her assertion that "Ms. Johnson's information did not suggest [that a previous letter had been received]" is untrue. Plaintiff offers no justification for her failure to perform further investigation and, in fact, claims that "many people do not keep all [letters] that are received, or throw them away as to not be reminded of a debt they cannot pay." This casual explanation for plaintiff's failure to remember or keep an earlier letter may indeed be true but it certainly does not provide an excuse for filing a suit in federal court without determining whether the discarded letters doom the case.

RMC responds that it was under no obligation to provide the letter to plaintiff earlier in the proceedings because the case was dismissed before the parties ever began discovery. It claims that it would have no way of knowing whether plaintiff had received the initial communication, leading it to rely on the allegations in the complaint that the collection notice attached to the complaint was the first plaintiff had received concerning the debt. According to RMC, the "simple fact that the July letter existed would not have discredited her case unless plaintiff did in fact receive it."[2] It maintains that even after

---

1. This is not a completely accurate statement as nothing would have prevented RMC from attaching the July letter to its motion to dismiss. The court would simply have converted the 12(b)(6) motion to one for summary judgment. Fed.R.Civ.P. 12(b).

2. RMC also asserts that if plaintiff did receive the July letter, she should be sanctioned for

receiving a copy of the initial letter, plaintiff still had the option of challenging RMC's motion for summary judgment and creating an issue of fact as to whether she received the letter instead of choosing to move to dismiss the action. Because a possible argument against its own position existed, RMC states that it had no reason to know that plaintiff would have immediately moved to dismiss the case upon learning of the letter, as she claims she would have.

Asserting that RMC's position is baseless, plaintiff claims that the FDCPA does not permit a claim for overshadowing in a second letter, regardless of whether the debtor actually received the initial communication. She points out that RMC has cited no case in support of its interpretation of § 1692g(a). Of course, this argument ignores plaintiff's own lack of case law on the issue in her own brief. Sanctions are warranted when counsel chooses a path that is unreasonable and vexatious and flies "in the face of clear authority." *Smith v. CB Commercial Real Estate Group, Inc.,* 947 F.Supp. 1282, 1285 (S.D.Ind.1996). It is not until plaintiff's reply, however, that she cites a case that actually addresses the issue she claims is incontrovertible: whether a claim pursuant to § 1692g(a) exists when a collection agency sends out an initial letter that the debtor never receives.

In *Mahon v. Credit Bureau of Placer County, Inc.,* 171 F.3d 1197 (9th Cir.1999), the Ninth Circuit held that a debt collector satisfies § 1692g(a) by sending a debtor a validation of debt notice even if the debtor did not receive the notice. *Id.* at 1201. Although persuasive, this authority would not be binding upon this court or the Seventh Circuit. The case was also decided February 12, 1999, on a motion for summary judgment filed a year after the case began, not a motion to dismiss.[3] Plaintiff's argument that defendant's position is sanctionable is not convincing when the only case she cites, besides being only persuasive authority, did not even exist at the time the briefs on the motion to dismiss were filed and the plaintiff subsequently appealed. Plaintiff cannot expect the court to find that RMC's position flies in the face of existing law when she apparently can find no case law in this circuit or any case law that existed when the motion to dismiss was filed specifically holding that a plaintiff has no case pursuant to § 1692g(a) even if she did not receive the initial communication from the debt collector. Also notable is that the plaintiffs in *Mahon* made the argument that § 1692g(a) required receipt of the collection notice and not merely that defendant had sent it. This is the argument defendant claims it anticipated from plaintiff here. Although in rejecting this argument the Ninth Circuit found that the statutory language of § 1692g was "plain," at no time did it indicate that plaintiff's position was so contrary to existing law or baseless on its face that it was sanctionable.

The fact that plaintiff's counsel moved to voluntarily dismiss a previous case she filed after learning that defendant had sent an earlier notice to the plaintiff she represented is irrelevant. RMC's counsel would have no way of anticipating that this would be plaintiff's position. There is no allegation-and considering the lack of case law on the issue, none could be made-that RMC could simply have done adequate research and found cases establishing that its position had no merit.

In sum, the court finds that plaintiff's assertion that case law on this point is so

---

filing a frivolous case.

**3.** The Ninth Circuit found in *Mahon* that because the defendant's collection letters were computer-generated and sent by first class mail, they were entitled to a presumption that they had been properly distributed to plaintiff. *Mahon,* 171 F.3d at 1201–02. It seems possible that a plaintiff who did not receive the initial communication could raise issues concerning the reliability of a defendant's methods for sending out notices that would render a § 1692g claim viable at least through a motion to dismiss despite a debt collector's defense that it had sent an earlier notice.

clear that sanctions are warranted is itself unsupported by case law. Defendant could indeed have saved itself, plaintiff's counsel and the court much time and expense if it had proffered the initial communication to plaintiff and the court after being served with the complaint. Considering its own investment in this matter, it should regret not doing so. Based on plaintiff's probable receipt of the initial letter and the lack of precedent on the relevant issue, however, the court declines to find this behavior sanctionable.

As a final matter, the court takes note of plaintiff's mention that both sets of defense counsel[4] refused to engage in settlement discussions with plaintiff. As part of the court's mandatory pretrial procedures, all parties, accompanied by counsel, *must* conduct a face-to-face settlement conference. Counsel are not free to disregard this order, which the court takes extremely seriously, under any circumstances, including counsel's belief that a case simply will not settle or that it has a "sure thing." This case provides a perfect example of the court's reasons for requiring face-to-face settlement conferences. It is quite possible that such a discussion would have (as indeed it should have) led to a disclosure of the existence of RMC's initial letter. In the future, counsel are directed to promptly bring an opposing counsel's refusal to engage in the settlement conference to the court's attention in a motion to compel.

**ORDERED:** The time the parties and the court, as well as the Seventh Circuit, spent on this case is clearly regrettable. The court has not found, however, that one party is fully deserving of the blame for this wasted effort. If therefore finds that each party should bear its own costs and fees. Plaintiff's motion for sanctions is denied and her motion to voluntarily dismiss the case is granted. Defendant's mo-

tion for summary judgment is denied as moot.

---

4. Talbot C. Hoevel represented RMC during the initial proceedings and motion to dismiss. RMC retained Wildman, Harrold, Allen & Dixon on appeal.